IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA DAVID SHAPIRO, in his official capacity | : | |
| as Governor of Pennsylvania, MICHELLE HENRY, | : | |
| in her official capacity as Pennsylvania Attorney | : | |
| General, DEBORAH L. BOGEN, in her official | : | No. 24-cv-02279-RBS |
| capacity as Acting Secretary of Health, LARRY | : | |
| KRASNER, in his official capacity as District | : | |
| Attorney of Philadelphia, MERRICK BRIAN | : | |
| GARLAND, in his official capacity as United States | : | |
| Attorney General, | : | |
| *Defendants*. | : | |

**BRIEF IN SUPPORT OF
DEFENDANT LARRY KRASNER'S MOTION TO DISMISS**

DANIEL P. MARGOLSKEE
Assistant District Attorney
Supervisor, Civil Litigation

Office of the District Attorney
    of Philadelphia
3 South Penn Square
Philadelphia, PA 19107
(215) 686-5734
daniel.margolskee@phila.gov

*Attorney for Defendant Larry Krasner, in his
official capacity as District Attorney of
Philadelphia*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    I.      THE DISTRICT ATTORNEY IS NOT AMENABLE TO AN OFFICIAL-
          CAPACITY SUIT UNDER 42 U.S.C. § 1983. ....................................................... 2

    II.     NO RELIEF CAN BE GRANTED—AND AMENDMENT WOULD BE
          FUTILE—BECAUSE, UNDER BINDING CASELAW, THERE IS NO
          CONSTITUTIONAL RIGHT TO ASSISTED SUICIDE. .................................... 3

CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Ballentine v. United States*, 486 F.3d 806 (3d Cir. 2007) ................................................................ 2

*Brinson v. City of Phila.*, No. 11-7479, 2012 WL 642057 (E.D. Pa. Feb. 28, 2012) ................... 3

*Domenech v. City of Phila.*, No. 06-1325, 2007 WL 172375 (E.D. Pa. Jan. 18, 2007) ................ 3

*Eisenstadt v. Baird*, 405 U.S. 438 (1972) ....................................................................................... 5

*Fake v. Pennsylvania*, No. 2:20-CV-01283, ECF No. 169 (E.D. Pa. Mar. 22, 2018) ................... 3

*Floyd v. Grossman*, 108 F. Supp. 3d 279 (E.D. Pa. 2015) ............................................................. 3

*Griffin v. Breckenridge*, 403 U.S. 88 (1971) .................................................................................. 6

*Griswold v. Connecticut*, 381 U. S. 479 (1965) .............................................................................. 5

*Grosjean v. Am. Press Co.*, 297 U.S. 233 (1936) ........................................................................... 5

*Hafer v. Melo*, 502 U.S. 21, 27 (1991) ........................................................................................... 2

*Oatway v. Am. Int'l Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003) ............................................. 2

*Obergefell v. Hodges*, 576 U.S. 644 (2015) ................................................................................... 4

*Pierce v. Soc. of Sisters*, 268 U.S. 510 (1925) ............................................................................... 5

*Reitz v. Cnty. of Bucks*, 125 F.3d 139 (3d Cir. 1997) ..................................................................... 3

*Sourovelis v. City of Phila.*, 103 F. Supp. 3d 694 (E.D. Pa. May 12, 2015) ................................. 3

*Vacco v. Quill*, 521 U.S. 793 (1997) .............................................................................................. 4

*Washington v. Glucksberg*, 521 U.S. 702 (1991) .................................................................... 2, 4, 5

*Washington v. Lehigh Cnty. Dist. Att'y's Off.*, 541 F. Supp. 3d 536 (E.D. Pa. 2021) ................... 3

**Constitutional Provisions**

U.S. Const., Amend. 1 ................................................................................................................. 3, 5

U.S. Const., Amend. 13 ............................................................................................................. 3, 5, 6

U.S. Const., Amend. 14 ............................................................................................. 3, 4, 5

**Statutes**

18 Pa. C.S. § 2505 ..................................................................................................... 1

42 U.S.C. § 14401 ..................................................................................................... 1

42 U.S.C. § 1983 ..................................................................................................... 2, 3

53 P.S. § 16257 ..................................................................................................... 3

N.J. Stat. Ann. § 26:16-1 ..................................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 2

Defendant Larry Krasner, in his official capacity as District Attorney of Philadelphia (the "District Attorney"), respectfully submits this brief in support of his motion to dismiss with prejudice for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiff has sued the Philadelphia District Attorney, and state and federal officials, challenging the constitutionality of a state law criminalizing causing or aiding suicide, 18 Pa. C.S. § 2505, and of federal laws restricting funds for assisted suicide, 42 U.S.C. § 14401, et seq.

Some States have enacted frameworks legalizing physician-assisted suicide under carefully defined and limited circumstances. (Compl. ¶¶ 11(h), 14.) For example, in 2019, New Jersey legalized physician-assisted suicide, with safeguards to ensure that only competent, terminally ill individuals will receive that assistance, with informed consent, administered by a qualified physician, and so on. *See* N.J. Stat. Ann. § 26:16-1, et seq. In the Pennsylvania Legislature, bills have been introduced that would create a similar legal framework if enacted. *See* Pa. House Bill No. 543 (2023); Pa. Senate Bill No. 816 (2023).

In this suit, Plaintiff invites this Court to short-circuit any legislative process, and instead to recognize an unbounded right to assisted suicide, without a carefully considered framework as enacted in other States. Indeed, although Plaintiff alleges that he is terminally ill and in pain (Compl. ¶ 1), his Complaint makes the remarkable claim that *anyone* who is merely "*capable* of ending his life on his own"—"even a healthy, young person"—has a fundamental constitutional right to commit suicide without hinderance. (Compl. ¶¶ 11(a), 11(b), 11(d), 11(h).) He further alleges that "suicide is a fundamental human privacy right, . . . regardless of how much time he has left, whether or not he is physically or even mentally ill, and even if his judgment is impaired . . . ." (Compl. ¶ 14.) In actuality, that is not what the Constitution requires.

As to the District Attorney, this Court should dismiss the Complaint for two independent reasons, neither of which can be overcome by amended allegations.

First, as a procedural matter, as multiple judges of this Court have held, the District Attorney is not a party amenable to suit under 42 U.S.C. § 1983. That is a standalone basis to dismiss the Complaint as against the District Attorney. (*See infra* Part I.)

Second, on the merits, all of Plaintiff's claims for relief depend upon the untenable assertion that the Constitution guarantees a fundamental right to assisted suicide. That position is contrary to binding Supreme Court caselaw in *Washington v. Glucksberg*, 521 U.S. 702 (1991), and no conceivable amendment could overcome that defect. (*See infra* Part II.)

Accordingly, the Court should dismiss the Complaint with prejudice.

## ARGUMENT

"The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, 'accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief.'" *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (quoting *Oatway v. Am. Int'l Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003).)

## I.    THE DISTRICT ATTORNEY IS NOT AMENABLE TO AN OFFICIAL-CAPACITY SUIT UNDER 42 U.S.C. § 1983.

The Complaint should be dismissed for failure to state a claim because the District Attorney, in his official capacity, is not amenable to suit.

A suit against a city official named in his or her official capacity is a suit against the entity he or she represents. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."). Under Pennsylvania law, the Office of the

2

District Attorney is not a proper party to be sued, and instead suit must be brought naming as the

defendant the City of Philadelphia. 53 P.S. § 16257.[1] Accordingly, multiple judges in this

District have found that district attorneys are not properly named as defendants in § 1983 suits

and that such cases brought against them must be dismissed.[2]

## II. NO RELIEF CAN BE GRANTED—AND AMENDMENT WOULD BE FUTILE— BECAUSE, UNDER BINDING CASELAW, THERE IS NO CONSTITUTIONAL RIGHT TO ASSISTED SUICIDE.

According to Plaintiff, "[s]uicide is a fundamental right, supported by the First,

Thirteenth, and Fourteenth Amendments, [and] the Right to Privacy . . . ." (Compl. ¶ 11(a).) The

relief Plaintiff seeks depends entirely upon his legal theory that assisted suicide is a fundamental

---

[1] That provision reads:

> All bonds, contracts and obligations heretofore executed, judgments entered, claims filed, and suits now pending in the name of any department of said city, formerly having had a corporate existence, are declared to be good and valid, and to inure to the use of the city; but no such department shall be taken to have had, since the passage of the act to which this is a supplement, a separate corporate existence, and hereafter all suits growing out of their transactions, and all claims to be filed for removing nuisances, together with all bonds, contracts and obligations, hereafter to be entered into or received by the said departments, shall be in the name of the City of Philadelphia.

53 P.S. § 16257.

[2] *See Washington v. Lehigh Cnty. Dist. Att'y's Off.*, 541 F. Supp. 3d 536, 549 (E.D. Pa. 2021) (Rufe, J.) ("The Lehigh County District Attorney's Office must be dismissed with prejudice on the alternate ground that the [Third Circuit] has held that district attorney's offices in Pennsylvania are not entities subject to suit under § 1983.") (citing *Reitz v. Cnty. of Bucks*, 125 F.3d 139 (3d Cir. 1997)); *Fake v. Pennsylvania*, No. 2:20-CV-01283, ECF No. 169, at 5 (E.D. Pa. Mar. 22, 2018) (Wilson, J., sitting by designation) ("[T]he Philadelphia District Attorney's Office is not a separate legal entity for purposes of § 1983 liability. . . . Thus, because DAO must be dismissed from this action, so too must the claims against [former district attorney] in his official capacity."); *Floyd v. Grossman*, 108 F. Supp. 3d 279 (E.D. Pa. 2015) (Beetlestone, J.); *Brinson v. City of Phila.*, No. 11-7479, 2012 WL 642057, at *2 (E.D. Pa. Feb. 28, 2012) (DuBois, J.) ("The Philadelphia District Attorney's Office is not an appropriate defendant in this case . . . [because] [l]ocal prosecutorial offices are not legal entities separate from the local governments of which they are a part and, accordingly, may not be sued under § 1983"); *Domenech v. City of Phila.*, No. 06-1325, 2007 WL 172375, at *2 (E.D. Pa. Jan. 18, 2007) (Surrick, J.) ("Plaintiff's § 1983 claims against the district attorney's office cannot stand because the [Philadelphia] District Attorney's office is not an entity that can be sued under [42] U.S.C. § 1983"). *But see Sourovelis v. City of Phila.*, 103 F. Supp. 3d 694, 709-13 (E.D. Pa. May 12, 2015) (declining to dismiss official capacity complaint against district attorney and rejecting this line of reasoning).

3

constitutional right. (Compl. ¶¶ 22-49; Compl. Prayer for Relief ¶¶ 1-9.) That legal theory is mistaken and contrary to binding caselaw in *Washington v. Glucksberg*, 521 U.S. 702 (1991). As a result, Plaintiff cannot prevail on his request for relief, and the Complaint should be dismissed with prejudice.

The majority in *Glucksberg* squarely held that assisted suicide is not a fundamental right guaranteed by the Fourteenth Amendment's Due Process Clause.[3] The *Glucksberg* plaintiffs had argued that criminal prohibitions against assisted suicide were unconstitutional under a Fourteenth Amendment substantive due process theory. *Id.* at 705-08, 720-21. The majority found that there was no fundamental right to assisted suicide, because the claimed right was not "deeply rooted in this Nation's history and tradition" and because it was not "implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it they were sacrificed." *Id.* at 720-21 (internal quotations and citations omitted).

*Glucksberg*'s history-and-ordered-liberty framework has not always been applied consistently in subsequent Supreme Court cases, but the Court has never cast doubt on its core holding that assisted suicide is not a constitutionally protected right. For example, in *Obergefell v. Hodges*, the Court noted that the *Glucksberg* framework "is inconsistent with the approach this Court has used in discussing other fundamental rights, including marriage and intimacy." 576 U.S. 644, 671 (2015). Nevertheless, *Obergefell* stated that *Glucksberg*'s "circumscribed" history-and-ordered-liberty approach "may have been appropriate for the asserted right there involved (physician-assisted suicide)," and the Court gave no indication that it might reconsider wherever physician-assisted suicide is a right guaranteed by the Constitution. *Id.*

---

[3] To the extent Plaintiff might rely on the Equal Protection Clause of the Fourteenth Amendment, that argument is foreclosed by *Vacco v. Quill*, 521 U.S. 793 (1997).

4

*Glucksberg* also establishes that assisted suicide is not constitutionally guaranteed by a right to privacy, contrary to Plaintiff's allegations. In discussing whether substantive due process includes a right to assisted suicide, the *Glucksberg* majority cited several foundational cases establishing the constitutional right to privacy. *Id.* at 720 (citing *Pierce v. Soc. Of Sisters*, 268 U.S. 510 (1925); *Griswold v. Connecticut*, 381 U. S. 479 (1965); *Eisenstadt v. Baird*, 405 U.S. 438 (1972)). The Court then concluded that the reasoning in those privacy cases (and in other substantive due process cases) could not be extended to create a constitutional right to assisted suicide, contrary to what Plaintiff now contends. *Id.*

Plaintiff's invocation of the "First Amendment right of free expression" (Compl. ¶ 34) fares no better. The Free Speech Clause of the First Amendment  has been incorporated as against the States through the Due Process Clause of the Fourteenth Amendment. *See, e.g.*, *Grosjean v. Am. Press Co.*, 297 U.S. 233, 242 (1936) ("While [the First Amendment] is not a restraint upon the powers of the states, the states are precluded from abridging the freedom of speech or of the press by force of the due process clause of the Fourteenth Amendment."). And *Glucksberg* noted that "the 'liberty' specially protected by the Due Process Clause" includes certain "specific freedoms protected by the Bill of Rights . . . ." 521 U.S. at 720. If any clause of the First Amendment had established a constitutional right to assisted suicide, then it would be enforceable against the States only through incorporation in the Fourteenth Amendment's Due Process Clause, which *Glucksberg* specifically held does not establish a constitutional right to assisted suicide.

Finally, the Thirteenth Amendment's prohibition on slavery and involuntary servitude has no application to this context whatsoever. "By the Thirteenth Amendment, we committed ourselves as a Nation to the proposition that the former slaves and their descendants should be

5

forever free," and, "[t]o keep that promise, Congress has the power under the Thirteenth Amendment rationally to determine what are the badges and the incidents of slavery, and the authority to translate that determination into effective legislation." *Griffin v. Breckenridge*, 403 U.S. 88, 105 (1971). Against that backdrop, it is absurd on its face to suggest that the Thirteenth Amendment's prohibition on slavery and involuntary servitude, and its commitment to elimination of the badges and incidents of slavery, could somehow establish a fundamental right to assisted suicide, especially when the Supreme Court has held that no such fundamental right exists as a matter of due process.

Because the Constitution does not guarantee a right to assisted suicide, and because any further amendment would be futile, the Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint with prejudice for failure to state a claim upon which relief may be granted.

Respectfully submitted,

/s/ Daniel P. Margolskee
DANIEL P. MARGOLSKEE
Assistant District Attorney
Supervisor, Civil Litigation

Office of the District Attorney
 of Philadelphia
3 South Penn Square
Philadelphia, PA 19107
(215) 686-5734
daniel.margolskee@phila.gov

*Attorney for Defendant Larry Krasner, in his official capacity as District Attorney of Philadelphia*