IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA DAVID SHAPIRO, in his official capacity as Governor of Pennsylvania, MICHELLE HENRY, in her official capacity as Pennsylvania Attorney General, DEBORAH L. BOGEN, in her official capacity as Acting Secretary of Health, LARRY KRASNER, in his official capacity as District Attorney of Philadelphia, MERRICK BRIAN GARLAND, in his official capacity as United States Attorney General, | : : : : : : : : : : : | No. 24-cv-02279-RBS |
| *Defendants*. | : | |

**DEFENDANT LARRY KRASNER'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

DANIEL P. MARGOLSKEE
Assistant District Attorney
Supervisor, Civil Litigation

Office of the District Attorney
   of Philadelphia
3 South Penn Square
Philadelphia, PA 19107
(215) 686-5734
daniel.margolskee@phila.gov

*Attorney for Defendant Larry Krasner, in his
official capacity as District Attorney of
Philadelphia*

## TABLE OF CONTENTS

BACKGROUND .................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

I.      THE BALANCE OF FACTORS WEIGHS DECISIVELY AGAINST
ENJOINING THE DISTRICT ATTORNEY FROM ENFORCING A VALID
STATE LAW AGAINST AIDING SUICIDE. ................................................... 2

      A.    Plaintiff is Unlikely to Succeed on the Merits Because His Claim is
Contrary to Well Settled, Binding Caselaw. ................................................ 3

      B.    Plaintiff Has Not Shown Irreparable Harm. ................................................ 4

      C.    The Public Interest Disfavors a Preliminary Injunction—on the Basis of a
Nonexistent Constitutional Right—That Would Short Circuit Any
Legislative Process. ..................................................................................... 5

CONCLUSION.................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ................................................................. 4

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ............................................................. 4

*Com. ex rel. Specter v. Bauer*, 261 A.2d 573, 575 (Pa. 1970) ...................................................... 1

*Del. Strong Families v. Att'y Gen. of Del.*, 793 F. 3d 304, 313 (3d Cir. 2015) ............................ 4

*Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020).......... 3

*Holland v. Rosen*, 895 F.3d 272, 285-86 (3d Cir. 2018)................................................................ 3

*Nken v. Holder*, 556 U.S. 418, 435 (2009) ................................................................................... 2

*Parker v. Governor of Pa.*, 2021 WL 5492803, at *2 (3d Cir. Nov. 23, 2021)............................. 4

*Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) ................................................... 3

*Vacco v. Quill*, 521 U.S. 793 (1997)............................................................................................. 3

*Washington v. Glucksberg*, 521 U.S. 702 (1991) ......................................................................... 3

*Winter v. NRDC*, 555 U.S. 7, 20 (2008) ...................................................................................... 2

**Constitutional Provisions**

U.S. Const., Amend. 1 ................................................................................................................ 3

U.S. Const., Amend. 13 .............................................................................................................. 3

U.S. Const., Amend. 14 .............................................................................................................. 3

**Statutes**

18 Pa. C.S. § 2505.................................................................................................................. 1, 2, 4

42 U.S.C. § 14401 ....................................................................................................................... 1

42 U.S.C. § 1983 ......................................................................................................................... 3

71 Pa. Stat. § 732-206(a)............................................................................................................. 1

N.J. Stat. Ann. § 26:16-1............................................................................................................. 5

Defendant Larry Krasner, in his official capacity as District Attorney of Philadelphia (the "District Attorney"), respectfully submits this brief in opposition to Plaintiff's motion for a preliminary injunction.

## BACKGROUND

In his Complaint against local, state, and federal officers, Plaintiff challenges the constitutionality of a state law criminalizing causing or aiding suicide, 18 Pa. C.S. § 2505, and of federal laws restricting funds for assisted suicide, 42 U.S.C. § 14401, et seq. He also asks this Court to make various declaratory judgments, including declaring that "suicide is a fundamental right, supported by" various constitutional provisions (Compl. Prayer for Relief ¶¶ 1-2), that "any medicals state actors are prohibited from interfering with this fundamental right, and must provide [medical assistance in dying] to those who request it" (*id.* ¶ 5), and that "[a]t most, the maximum waiting period should be three days, without the requirement of witnesses . . . ." (*id.* ¶ 8). And Plaintiff has moved for a preliminary injunction, seeking various orders, including "an order allowing Plaintiff to initiate [medical assistance in dying] from his home in Pennsylvania . . . ." (P.I. Mot. Relief Sought at ¶ 3; *see also* Mem. in Supp. of P.I. Mot. at 8-9.)

Under Pennsylvania law, as "the chief law enforcement officer for [Philadelphia]," 71 Pa. Stat. § 732-206(a), the District Attorney has "the power—and the duty—to represent the Commonwealth's interests in the enforcement of its criminal laws," *Com. ex rel. Specter v. Bauer*, 261 A.2d 573, 575 (Pa. 1970). He has no official role in providing medical care, or regulating the medical profession, or in disbursing funds under 42 U.S.C. § 14401. Accordingly, Plaintiff's only request for relief that has even a tenuous connection to the District Attorney's official duties, is Plaintiff's constitutional attack on 18 Pa. C.S. § 2505, making it a criminal offense to cause or aid suicide.

Against that background, Plaintiff's request for a preliminary injunction against the District Attorney's enforcement of § 2505 must fail.

First, Plaintiff has no likelihood of success on the merits, because § 2505 is constitutional under binding, settled caselaw. That factor alone requires denial of a preliminary injunction. (*See infra* Part I.A.)

Second, Plaintiff has not made a showing of irreparable harm that is "certainly impending" and caused by the District Attorney, among other reasons, because Plaintiff has not alleged that he has found any physician who would assist Plaintiff in committing suicide within Philadelphia but-for the criminal prohibition in § 2505. (*See infra* Part I.B.)

Third, when other States have permitted physician-assisted suicide, they have done so through a legislative framework that creates appropriate safeguards. The public interest disfavors a preliminary injunction that would short-circuit any legislative process, on the basis of a claimed fundamental right that the Supreme Court has held does not exist. (*See infra* Part I.C.)

This Court should deny the motion for a preliminary injunction.

## ARGUMENT

I. **THE BALANCE OF FACTORS WEIGHS DECISIVELY AGAINST ENJOINING THE DISTRICT ATTORNEY FROM ENFORCING A VALID STATE LAW AGAINST AIDING SUICIDE.**

To obtain a preliminary injunction, Plaintiff must satisfy four factors: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable injury without an injunction, (3) the balance of equities favors him, and (4) an injunction serves the public interest. *Winter v. NRDC*, 555 U.S. 7, 20 (2008). Because the government is the opposing party, the latter two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

"The first two factors are 'gateway factors': if the plaintiffs have not established those factors, the court need not consider the last two factors." *Greater Phila. Chamber of Commerce*

2

*v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). If the plaintiff does establish the first two factors, "[t]he court then determines 'in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.'" *Id.* (quoting *Reilly*, 858 F.3d at 179).

A preliminary injunction is "an extraordinary remedy never awarded as of right" which should only be awarded in "limited circumstances." *Holland v. Rosen*, 895 F.3d 272, 285-86 (3d Cir. 2018).

**A.    Plaintiff is Unlikely to Succeed on the Merits Because His Claim is Contrary to Well Settled, Binding Caselaw.**

Plaintiff's suit is premised on the unsupportable claim that "[s]uicide is a fundamental right, supported by the First, Thirteenth, and Fourteenth Amendments, [and] the Right to Privacy . . . ." (Compl. ¶ 11(a).) That legal theory is mistaken and contrary to binding caselaw in *Washington v. Glucksberg*, 521 U.S. 702 (1991). In particular, *Glucksberg* held that assisted suicide is not a fundamental right guaranteed by the Fourteenth Amendment's Due Process Clause, and in the course of reaching that conclusion, *Glucksberg* necessarily implies that there is no basis for recognizing a fundamental right to assisted suicide under the First Amendment or right-to-privacy.[1] Additionally, Plaintiff's suit against the District Attorney is untenable, because the District Attorney is not amenable to an official capacity suit under § 1983, as multiple judges of this Court have held.

These arguments are explained in more detail in the Brief in Support of Defendant Larry Krasner's Motion to Dismiss, and incorporated herein by reference. (Dkt. No. 8-1, at Part I

---

[1] To the extent Plaintiff might rely on the Equal Protection Clause of the Fourteenth Amendment, that argument is foreclosed by *Vacco v. Quill*, 521 U.S. 793 (1997).

(explaining why District Attorney is not amenable to suit); *id.* Part II (explaining why Plaintiff's theory is contrary to binding caselaw).)

Because Plaintiff has no likelihood of success on the merits, this Court should deny a preliminary injunction on that basis alone. *Del. Strong Families v. Att'y Gen. of Del.*, 793 F. 3d 304, 313 (3d Cir. 2015) ("As demonstrated above, the [challenged law] is constitutional as applied to [plaintiff], therefore [plaintiff] has not established likelihood of success on the merits. We need not analyze the other factors implicating a preliminary injunction analysis.").

### B.     Plaintiff Has Not Shown Irreparable Harm.

When a plaintiff seeks an injunction on the basis of anticipated future harm, the "'threatened injury must be *certainly impending*' and 'allegations of *possible* future injury are not sufficient.'" *Parker v. Governor of Pa.*, 2021 WL 5492803, at *2 (3d Cir. Nov. 23, 2021) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Even "[p]ast exposure to conduct does not in itself show a present case or controversy regarding injunctive relief, unless accompanied by any continuing, present adverse effects." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

In this instance, Plaintiff's allegations show that he is not facing a "certainly impending" injury sufficient to grant standing to seek an injunction against the District Attorney. In particular, Plaintiff has not alleged that he has located any physician willing to assist Plaintiff in committing suicide within Philadelphia, but-for the existence of the criminal prohibition in § 2505. And Plaintiff cannot show that, if enforcement of § 2505 were enjoined, there would be any certainty that he would be able to locate such a physician. Indeed, if there are any physicians who might consider assisting Plaintiff if § 2505 were enjoined, those physicians might reasonably require Plaintiff to demonstrate his informed consent, competency, and voluntariness, and abide by a waiting period, rendering moot his request for injunctions against any state

4

requirements to that effect. (Compl. ¶ 14 (alleging that suicide is a fundamental right regardless of "whether . . . he is physically or even mentally ill" and "even if his judgment is impaired"); ¶ 11(h) (alleging that waiting periods cannot constitutionally extend longer than 3 days).)

**C.** **The Public Interest Disfavors a Preliminary Injunction—on the Basis of a Nonexistent Constitutional Right—That Would Short Circuit Any Legislative Process.**

When other States have permitted physician-assisted suicide, they have done so through a legislative framework that creates appropriate safeguards, and limits assisted suicide to carefully defined circumstances. (*See* Compl. ¶¶ 11(h), 14.) For example, in 2019, New Jersey legalized physician-assisted suicide, with safeguards to ensure that only competent, terminally ill individuals will receive that assistance, with informed consent, administered by a qualified physician, and so on. *See* N.J. Stat. Ann. § 26:16-1, et seq. In the Pennsylvania Legislature, bills have been introduced that would create a similar legal framework if enacted. *See* Pa. House Bill No. 543 (2023); Pa. Senate Bill No. 816 (2023).

The public interest disfavors a preliminary injunction that would short-circuit any legislative process, on the basis of a claimed fundamental right that the Supreme Court has held does not exist.

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

/s/ Daniel P. Margolskee
DANIEL P. MARGOLSKEE
Assistant District Attorney
Supervisor, Civil Litigation

5

Office of the District Attorney
   of Philadelphia
3 South Penn Square
Philadelphia, PA 19107
(215) 686-5734
daniel.margolskee@phila.gov

*Attorney for Defendant Larry Krasner, in his*
*official capacity as District Attorney of*
*Philadelphia*