IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| GORDON ROY PARKER,<br><br>　　　　　　　Plaintiff<br>　v.<br><br>Joshua David Shapiro, in his official capacity as Governor of Pennsylvania, et al.<br><br>　　　　　　　Defendants | Case No: 2:24-cv-02279-RBS<br><br>REC'D JUL 9 2024 |

## PLAINTIFF'S RESPONSE TO DEFENDANT KRASNER'S MOTION TO DISMISS

Plaintiff Gordon Roy Parker, in the above-styled action, submits this response to Defendant Krasner's Motion To Dismiss.

## INTRODUCTION



## RESPONSE TO MOTION

1.　Defendant Krasner is not immune to suit under 42 USC §1983. Even if he somehow were, he notes in his own motion that this alleged defect is curable by substituting the City of Philadelphia as a party, in which case Plaintiff should be granted leave to amend.

2. Precedent notwithstanding, Plaintiff is seeking to overturn all Supreme Court and lower-court precedent that has found no constitutional right to assisted suicide, by asserting an absolute right to commit suicide under the Thirteenth Amendment. Additionally, his other claim for declaratory and injunctive relief addresses equal-protection issues which address existing laws and policies relating to MAID, which is already legal in several states under the existing constitutional framework, including Vermont and Oregon, which settled equal-protection lawsuits by agreeing to make MAID available to nonresidents. Plaintiff is extending that argument to assert that the only way to guarantee equal protection in Vermont and Oregon is to make MAID legal in all fifty states, as the existing framework for nonresidents does not and can never not run afoul of the Fourteenth Amendment and other clauses, such as Privileges and Immunities or Dorman clauses, as argued in <u>Govatos v. Murphy</u>, D-NJ, #23-12601 (2023).

This the 9th day of July, 2024.

_____
**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,**<br><br>　　　　　　　　　Plaintiff<br><br>v.<br><br>Joshua David Shapiro, in his official capacity as Governor of Pennsylvania, et al.<br><br>　　　　　　　　　Defendants | : : : : : : : : : : : : : : : | Case No: 2:24-cv-02279-RBS |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S RESPONSE TO DEFENDANT KRASNER'S MOTION TO DISMISS</u>**

Plaintiff submits this memorandum of law in support of his response to the instant motion.

### I. <u>INTRODUCTION</u>

Defendant Krasner seeks dismissal on two grounds: 1) immunity from suit under 42 USC §1983; and 2) no constitutional right to assisted suicide.  For reasons set forth in this Memorandum, both arguments fail; the instant motion should be **denied.**

### II. <u>LEGAL STANDARD</u>

A. <u>Pro Se Pleading Standard</u>

　　In <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the Court held that pro se pleadings are to be held to less stringent standards than those drafted by attorneys. This leniency is critical to ensure that individuals who lack formal legal training are not unduly prejudiced by technicalities that may obscure the merits of their claims.

Liberal construction requires the Court to interpret the Plaintiff's pleadings in a manner that seeks to understand and address the substantive issues raised, even if the form or articulation of the claims is imperfect. This principle allows the Court to consider the essential elements and underlying facts of the Plaintiff's case, rather than focusing on procedural deficiencies. For instance, factual allegations in pro se complaints should be treated as true and construed in the light most favorable to the Plaintiff, as stated in Estelle v. Gamble, 429 U.S. 97 (1976).

Moreover, ***the Third Circuit has consistently reinforced the need for such leniency***, recognizing that pro se litigants, by virtue of their lack of legal training, may not comply with the technical rules of pleading and procedure. In Higgs v. Atty. Gen., 655 F.3d 333 (3d Cir. 2011), the Court emphasized that pro se filings must be construed liberally to avoid denying access to justice based on procedural missteps.

B. **Immunity From Suit Under 42 USC §1983**

1. **Govatos v. Murphy**.

Plaintiff is a highly-trained paralegal who has drafted pleadings all the way up from bankruptcy court to the United States Supreme Court (a medical-marijuana equal protection case filed by *Fairlaw.org* in 1998). Like most paralegals, he relies on templates created from similar or identical lawsuits involving similar or identical parties. In Govatos v. Murphy, D-NJ, 1:2023-cv-12601, the Plaintiffs brought suit against state officials with identical titles to those in this case, including prosecutors, and the government defendants did not move to dismiss based on any claimed immunity from suit under 42 USC §1983, indicating that this immunity does not apply in the instant case.

2. **Immunity From Damages Versus Immunity From Injunctive Or Declaratory Relief**.

In their Brief, on page 3 (paragraph **I**), Defendants cite Hafer v. Melo, 502 U.S. 21 (1991):

> "State officers sued for ***damages*** in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them

2

Alas, this is not a claim for damages, but for declaratory and injunctive relief. <u>Hafer</u> does not apply. Instead, these cases do:

    a.    ***Ex parte*** <u>Young</u>, 209 U.S. 123 (1908) allows federal courts to issue injunctions against state officials who are enforcing unconstitutional state laws, effectively bypassing sovereign immunity for the purposes of prospective relief.

    b.    <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). State officials sued in their official capacity for injunctive relief are "persons" under § 1983 because such actions are not considered actions against the state itself.

    c.    <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974) held that while the Eleventh Amendment provides states with immunity from being sued in federal court for retroactive monetary relief, it does not bar suits seeking prospective injunctive relief against state officials to stop ongoing violations of federal law

    **C.**    **Thirteenth Amendment.**

The Thirteenth Amendment to the Constitution states, very simply, that:

> "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

    **D.**    **Fourteenth Amendment.** The Fourteenth Amendment to the Constitution states, very simply, that:

> "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

E.   **Dormant Commerce and Privileges And Immunities Clauses.**

The Dormant Commerce Clause appears duplicative of the Fourteenth Amendment claims here, while Plaintiff believes the Privileges And Immunities Clause contradicts state sovereignty under the Tenth Amendment.

F.   **Dismissal With Leave To Amend**

The Third Circuit has consistently held that leave to amend should be granted freely, especially in pro se cases, to ensure that meritorious claims are not prematurely dismissed due to procedural or technical deficiencies. This principle is firmly rooted in Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given when justice so requires." In Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) emphasized that leave to amend must be granted unless it is certain that the amendment would be futile or result in undue prejudice to the opposing party. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) Reinforced that pro se plaintiffs should be given an opportunity to amend their complaints to rectify deficiencies, ensuring access to justice.

### III.  ARGUMENT

A.  **Defendant Krasner Is Not Immune from Suit Due To Ongoing Constitutional Violations**

As noted in the cases cited in Section II above (***Ex parte* Young**, Will, and Edelman), and even in Hafer, immunity from 42 USC §1983 suits applies only to ***damages***, and not claims for declaratory or injunctive relief to enjoin ongoing violations of constitutional rights. Any Pennsylvania law to the contrary would fail to the Supremacy Clause. Also of note is that the government defendants in Govatos did not raise this argument in their motion to dismiss, giving Plaintiff every reason to believe it would not be raised here, since if it did apply, Govatos would have to be dismissed as well.

B.  **Plaintiff's Constitutional Arguments Are Valid**.

Plaintiff raises multiple constitutional arguments:

4

1. **Plaintiff's Thirteenth Amendment Claim Is Valid**

Plaintiff's Thirteenth Amendment claim of an absolute right to suicide is a radical reframing of the concept of life itself as slavery to those who wish not to live, and of Americans as government property, since ***any*** state interest in keeping him alive serves the state at the expense of his personal autonomy and sovereignty.

2. **Plaintiff's Fourteenth Amendment Claim Does Not Rely On A Constitutional Right To Assisted Suicide.**

Plaintiff's Equal Protection claim under the Fourteenth Amendment, the basis for his §1983 claims for declaratory and injunctive relief, seeks not to establish MAID as a constitutional right, but instead claims it is fatally flawed constitutionally, as equal protection for nonresidents of certain states is impossible to achieve by the travel requirements. This may also run afoul of the Dormant Commerce and Privileges and Immunities Clauses, but the former is duplicative of the Equal Protection Claim, while the latter conflicts with the Tenth Amendment, which expressly allows for disparities in state law.

### IV. CONCLUSION

For the reasons set forth herein, the instant motion should be **denied.** A proposed Order is attached.

This the 9th day of July, 2024.

*[signature]*

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>       Plaintiff<br> v.<br><br>Joshua David Shapiro, in his official capacity as Governor of Pennsylvania, et al.<br><br>       Defendants | Case No: **2:24-cv-02279-RBS** |

## <u>ORDER</u>

**AND NOW,** this ___th day of July, 2024, in consideration of Defendant Larry Krasner's Motion To Dismiss, and all replies and responses, the motion is **denied.**

                              _____
                                   **J.**

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>                    Plaintiff<br>v.<br><br>Joshua David Shapiro, in his official capacity as Governor of Pennsylvania, et al.<br><br>                    Defendants | Case No: 2:24-cv-02279-RBS |

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, **Plaintiff** in the above-styled action, attest and certify that I have caused to be served, on this date, by regular mail, the following Defendants:

Joshua David Shapiro
Governor of Pennsylvania
Office of General Council
333 Market Street, 17th Floor
Harrisburg, PA 17101

Debra L. Bogen
Acting Secretary of Health
for the Commonwealth of Pennsylvania
Office of General Council
333 Market Street, 17th Floor
Harrisburg, PA 17101

Laurence Samuel Krasner
District Attorney of Philadelphia
Three South Penn Square
Philadelphia, PA  19107

Merrick Brian Garland
Attorney General of The United States
US Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

2

Michelle A. Henry
Attorney General of Pennsylvania
393 Market Street
Harrisburg, PA 17101

Xavier Bercerra
United States Secretary for
Health and Human Services
200 Independence Avenue S.W.
Washington, DC 20201

This the 9th day of July, 2024.

*[signature]*

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact