## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, : | |
| Plaintiff, : | |
| : | No.  2:24-CV-02279 |
| v. : | |
| : | Judge Surrick |
| JOSHUA DAVID SHAPIRO, MICHELLE : | |
| HENRY, DEBORAH L. BOGEN, LARRY : | Electronically Filed Document |
| KRASHNER AND MERRICK BRIAN : | |
| GARLAND, : | *Complaint Filed 06/03/24* |
| Defendants. : | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Plaintiff Gordon Roy Parker's Motion for Preliminary Injunction and Consolidated Trial Pursuant to Federal Rule 65, and Commonwealth Defendants' Opposition thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is DENIED.

 

**HONORABLE R. BARCLAY SURRICK**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, : | |
| Plaintiff, : | |
| : | No. 2:24-CV-02279 |
| v. : | |
| : | Judge Surrick |
| JOSHUA DAVID SHAPIRO, MICHELLE : | |
| HENRY, DEBORAH L. BOGEN, LARRY : | Electronically Filed Document |
| KRASHNER AND MERRICK BRIAN : | |
| GARLAND, : | *Complaint Filed 06/03/24* |
| Defendants. : | |

**COMMONWEALTH DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND CONSOLIDATED TRIAL**

**I.   INTRODUCTION**

Plaintiff Gordon Roy Parker's ("Plaintiff") Motion for Preliminary Injunction and Consolidated Trial should be denied because Plaintiff has failed to demonstrate a likelihood of succeeding on the merits and, further, has failed to demonstrate a likelihood of suffering irreparable harm absent the award of a preliminary injunction. Plaintiff is plainly unable to succeed on his underlying suit against Commonwealth Defendants[1] because Commonwealth Defendants are unquestionably immune from suit pursuant to the Eleventh Amendment. Furthermore, even where Commonwealth Defendants are not immune, Plaintiff's contention that Commonwealth Defendants have violated the First, Thirteenth, and Fourteenth Amendments of the United State Constitution by failing to allow assisted suicide is incorrect as a matter of law. Lastly, Plaintiff has failed to demonstrate the requisite irreparable harm because the preliminary injunction requested is no different than the relief prayed for within the operative Complaint. For these reasons, Plaintiff's Motion should be denied.

---

[1]   As stated below, "Commonwealth Defendants" include: (1) Governor of the Commonwealth of Pennsylvania, Josh Shapiro; (2) Attorney General of the Commonwealth of Pennsylvania, Michelle Henry; and (3) Acting Secretary of Health, Deborah Bogen.

2

## II.     PROCEDURAL BACKGROUND

Plaintiff, *pro se*, commenced this action by filing a Complaint on approximately June 3, 2024.  (ECF No. 1.)  Seven days later, on June 10, 2024, Plaintiff filed the present Motion for Preliminary Injunction and Consolidated Trial.  (ECF No. 6.)  Commonwealth Defendants filed a Motion for Extension of Time to Respond to Plaintiff's Complaint and Motion for Preliminary Injunction on July 1, 2024.[2]  (ECF No. 11.)  This Honorable Court graciously granted Commonwealth Defendants' Motion, providing Commonwealth Defendants until July 12, 2024 to file a response to Plaintiff's Motion for Preliminary Injunction, and until July 19, 2024 to file an answer, or otherwise respond, to Plaintiff's Complaint.  (ECF No. 12.)  Commonwealth Defendants, now, submit the present filing for the purposes of opposing Plaintiff's Motion for Preliminary Injunction.

## III.    FACTUAL BACKGROUND

Plaintiff's operative Complaint bring suit pursuant to 42 U.S.C. §§ 1981-1983 alleging federal, state, and city officials have violated his constitutional rights.  (ECF No. 1 at 1.)  Plaintiff's Complaint, as it related to this Opposition, brings suit against the following Commonwealth of Pennsylvania officers, in their official capacities: (1) Governor of the Commonwealth of Pennsylvania, Josh Shapiro; (2) Attorney General of the Commonwealth of Pennsylvania, Michelle Henry; and (3) Acting Secretary of Health, Deborah Bogen (collectively, "Commonwealth Defendants").  (*Id.*)

Plaintiff alleged he is terminally ill, with end-stage liver disease and a median prognosis of less than six months to live.  (ECF No. 1, ¶ 1.)  Plaintiff wants to end his life by medically

---

[2]     It should be noted, co-Defendant Larry Krasner filed an Opposition to Plaintiff's Motion for Preliminary Injunction, as well as a Motion to Dismiss Plaintiff's Complaint on July 1, 2024.  (ECF Nos. 8-9.)  Plaintiff, thereafter, filed a response to Defendant Krasner's Opposition to Plaintiff's Motion for Preliminary Injunction on July 9, 2024.  (ECF No. 13.)

assisted suicide, however medically assisted suicide is criminalized in the Commonwealth of Pennsylvania by Section 2505 of the Pennsylvania Crimes Code, and furthermore, the United States government has prohibited the use of federal funds for the purposes of funding assisted suicide through the passage of the Assisted Suicide Funding Restriction Act.  (*Id.* ¶ 11(f)-(g).)  Plaintiff brings suit against Commonwealth Defendants, alleging Commonwealth Defendants have violated Plaintiff's First, Thirteenth, and Fourteenth Amendment rights under the United States Constitution through the enforcement of Section 2502 of the Pennsylvania Crimes Code and the Assisted Suicide Funding Restriction Act.  (*Id.* ¶¶ 22-32, 45-49.)  Succinctly, Plaintiff alleges "[s]uicide is a fundamental right", and prohibiting Plaintiff's participation in medically assisted suicide constitutes a violation of Plaintiff's First Amendment right to free expression, Thirteenth Amendment right to be free from indentured servitude, and Fourteenth Amendment right to due process.  (*Id.* ¶¶ 23, 28, 34, 38, 42.)

By way of Plaintiff's Complaint, Plaintiff prays for the following declaratory relief, in relevant part: (1) a declaration that suicide is a fundamental right supported by the First, Thirteenth, and Fourteenth Amendment; (2) a declaration that the federal Assisted Suicide Funding Restriction Act is unconstitutional; (3) a declaration that Section 2505 of the Pennsylvania Crimes Code is unconstitutional; and (4) a declaration that the fifteen day waiting period requirement—which requires patients with a terminal illness to make two oral requests for life-ending medication fifteen days apart, pursuant to some state statutes—is unconstitutional.  (*Id.* at 12-13.)

### IV.   LEGAL STANDARD

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc.*, 765

F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir.2002)).  A plaintiff seeking a preliminary injunctive must establish two "gateway factors".  *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).  First, the plaintiff must show that he or she "is likely to succeed on the merits".  *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998).  In order to show a likelihood of succeeding on the merits of the case, the plaintiff must demonstrate that the chances of success are "significantly better than negligible but not necessarily more likely than not".  *Reilly*, 858 F.3d at 179.  Second, the plaintiff must show they are "more likely than not to suffer irreparable harm in the absence of preliminary relief."  *Id.*  If the plaintiff satisfies both "gateway" factors, the court then must consider two additional factors, "the possibility of harm to other interested persons from the grant or denial of the injunction" as well as "the public interest".  *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974).  In considering the four factors stated above, the court should determine "in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."  *Reilly*, 858 F.3d at 179.  Importantly, the "failure to establish any element . . . . renders a preliminary injunction inappropriate."  *NutraSweet Co. v. Vit–Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir.1999).  As a general matter, every order granting an injunction must state the reasons it was issued, state its terms specifically, and describe in reasonable detail any acts restrained.  Fed. R. Civ. P. 65(d).

**V.     DISCUSSION**

Commonwealth Defendants urge this Court to deny Plaintiff's Motion for Preliminary Injunction and Consolidated Trial on the ground Plaintiff has failed to satisfy the two "gateway factors" required for an award of a preliminary injunction.  *Reilly*, 858 F.3d at 179.  Specifically,

Plaintiff has failed to demonstrate a likelihood of success on the merits of his Complaint, and has failed to demonstrate a likelihood of suffering irreparable harm absent the award of a preliminary injunction. Commonwealth Defendants address Plaintiff's failure to satisfy the two "gateway factors" in turn, below.

      **A.**     <u>**Plaintiff Fails to Demonstrate a Likelihood of Succeeding on the Merits**</u>

Plaintiff's has failed to demonstrate a likelihood of succeeding upon his Complaint, which is brought pursuant to 42 U.S.C. §§ 1981-1983, for the following reasons. First, Commonwealth Defendants are immune from Plaintiff's suit, pursuant to the Eleventh Amendment of the United States Constitution. Second, even where this Court concludes Commonwealth Defendants are not immune from suit, Plaintiff's Complaint remains unmeritorious as Plaintiff is plainly unable to state a viable cause of action against Commonwealth Defendants.

           1.     <u>Commonwealth Defendants are Immune from Plaintiff's Suit</u>

Plaintiff cannot establish a likelihood of success with respect to his Complaint against Commonwealth Defendants because Commonwealth Defendants are immune from Plaintiff's suit pursuant to the Eleventh Amendment.

"The Eleventh Amendment renders the States immune from 'any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subject of any Foreign State.'" *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). "It is clear . . . that in absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "There are two general exceptions to the Eleventh Amendment's grant of sovereign immunity to states and state agencies." *Urella v. Pennsylvania State Trooper Ass'n*,

628 F.Supp.2d 600, 605 (E.D. Pa. 2008).  Initially, Congress may revoke, or abrogate, Eleventh Amendment immunity where it has " 'unequivocally expressed[d] its intent to' to so and acted 'pursuant to a valid exercise of power.' "  *Id.* (quoting *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996)).  Further, a state may specifically waive its Eleventh Amendment immunity and consent to suit.  *Id.*  A state's waiver of sovereign immunity must "be unequivocally expressed".  *Pennhurst*, 465 U.S. at 99.

Presently, Plaintiff's suit, which is advanced against Commonwealth Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983"), is unequivocally barred by Commonwealth Defendants' Eleventh Amendment sovereign immunity.  First and foremost, Eleventh Amendment immunity is applicable to Plaintiff's Complaint because Plaintiff brings suit against the Governor, Attorney General, and Secretary of Health of the Commonwealth of Pennsylvania in their official capacities.  *Doe v. Schorn*, No. 23-3252-KSM, 2024 WL 128210 at *4 (E.D. Pa. Jan. 10, 2024) ""Because an official capacity suit against a state official is really a suit against the state, '[a] state official sued in an official capacity is generally entitled to immunity under the Eleventh Amendment'").  Second, neither of the two general exceptions to Eleventh Amendment immunity are applicable to Plaintiff's action brought pursuant to Section 1983. Importantly, as our Supreme Court has previously determined, Congress did not revoke the states' Eleventh Amendment immunity when enacting Section 1983.  *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Furthermore, the Commonwealth of Pennsylvania, similarly, has not waived the sovereign immunity afforded by the Eleventh Amendment with respect to lawsuits advanced pursuant to Section 1983.  *See* 42 Pa. C.S. § 8521(b) (Pennsylvania, by statute, has explicitly reserved its right to immunity form suit in federal court pursuant to Eleventh Amendment).

Accordingly, Plaintiff is immune from Plaintiff's suit in accordance with the Eleventh Amendment.

Additionally, Commonwealth Defendants urge this Court to find that the exception to Eleventh Amendment immunity enumerated within *Ex Parte Young*, 209 U.S. 123 (1908) (*Ex Parte Young*), is *inapplicable*. In *Ex Parte Young*, the Supreme Court determined that state officials in their official capacities do not have Eleventh Amendment immunity when sued for prospective injunctive relief. *Ex Parte Young*, 209 U.S. at 157. In other words, the exception within *Ex Parte Young* allows an individual to bring suit against state officials in their official capacities in order to prevent a continuing violation of federal law. Whole Woman's Health v. Jackson, 595 U.S. 30, 39 ("To be sure, in Ex parte Young, this Court recognized a narrow exception grounded in traditional equity practice—one that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law."). However, the exception in *Ex Parte Young* is only applicable where the state officials named as defendants are engaged in an "*ongoing violation* of federal law". *Verizon Md., Inc. v. Pub. Serv. Com'n of Md.*, 535 U.S. 635, 645 (2002). "It is not enough to show that a state official is charged with defending the constitutionality of the state's laws; instead, the official must have '*some connection with the enforcement of the act*' and have *demonstrated a willingness to exercise that duty*." *Doe*, No. 23-3252-KSM, 2024 WL 128210 at *4 (emphasis added).

Here, the exception enumerated in *Ex Parte Young* is not applicable with respect to Plaintiff's suit against Commonwealth Defendants because, although Plaintiff requests injunctive relief, Commonwealth Defendants do not have any connection with the law alleged to violate the United States Constitution. Plaintiff's Complaint prays for a declaration from this Court that

Section 2505 of the Pennsylvania Crimes Code, as well as the federal Assisted Suicide Funding Restriction Act are unconstitutional. (ECF No. 1 at 12-13.) Plaintiff's Complaint additionally prays for injunctive relief, requesting that this Honorable Court require Commonwealth Defendants to refrain from enforcing Section 2505 of the Pennsylvania Crimes Code, and the federal Assisted Suicide Funding Restriction Act. (*Id.*) While the relief requested by Plaintiff appears prospective in nature, the exception in *Ex Parte Young* is inapplicable to Commonwealth Defendants because Commonwealth Defendants are not charged with the enforcement of either law. Initially, it is inexplicably clear that Commonwealth Defendants have no responsibility or statutory duty to enforce a federal statute, such as the Assisted Suicide Funding Restriction Act. Such responsibility is charged with federal authorities.

Furthermore, other than in attenuated terms, Commonwealth Defendants have no connection with the enforcement of Section 2505 of the Pennsylvania Crimes Code. Particularly, with respect to Commonwealth Defendant Attorney General Henry, no provision of the Commonwealth Attorneys Act provides the Attorney General with the enforcement responsibility of Section 2505 of the Pennsylvania Crimes Code. *See* 71 P.S. § 732-205 (enumerating eight instances in which the Attorney General has "the power to prosecute" individuals). While the Commonwealth Attorneys Act does provide Commonwealth Defendant Attorney General Henry with the authority to prosecute a criminal action when the action is referred by a district attorney, presiding judge, or Commonwealth agency, these provisions have been held to be "too attenuated to trigger the *Ex Parte Young* narrow exception to sovereign immunity. *See Doe*, No. 23-3252-KSM, 2024 WL 128210 at *4-5. Additionally, with respect to Commonwealth Defendant Governor Shapiro, Governor Shapiro's general duty to enforce the laws of the Commonwealth of Pennsylvania is not sufficient to demonstrate a responsibility to

enforce Section 2505 of the Pennsylvania Criminal Code. *1st Westco Corp. v. School Dist. Of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993) ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging law."). Lastly, with respect to Commonwealth Defendant Secretary Bogen, Secretary Bogen's responsibilities are defined by statute, and such statutes do not provide Secretary Bogen with the authority to enforce sections of the Pennsylvania Crimes Code. *See* 71 P.S. §§ 532, 1403 (providing Secretary with general duty to protect health of people of Commonwealth).

Accordingly, because none of the Commonwealth Defendants have the responsibility of enforcing Section 2505 of the Pennsylvania Crimes or the Assisted Suicide Funding Restriction Act, Commonwealth Defendants cannot be said to have engaged in the "continuing violation of federal law". For this reason, the narrow exception to Eleventh Amendment immunity enumeration within *Ex Parte Young* is inapplicable, and Eleventh Amendment immunity operates to bar Plaintiff's action against Commonwealth Defendants.

    2. <u>Plaintiff is Unable to Establish a Cause of Action under Section 1983 against Commonwealth Defendants</u>

Even where this Honorable Court concludes an exception to Eleventh Amendment immunity applies in this action, Plaintiff has still not demonstrated a likelihood of succeeding on the merits of his Complaint because Plaintiff is plainly unable to state a viable cause of action against Commonwealth Defendants under Section 1983.

    a. *Commonwealth Defendants are not "Persons" as Defined by Section 1983*

Plaintiff is unable to succeed upon his action pursuant Section 1983 because Commonwealth Defendants are not "persons" subject to liability under Section 1983.

Section 1983 allows an individual to bring an action against a "person" who, acting under the color of state law, has deprived the individual of their constitutional rights. 42 U.S.C. § 1983. In order to maintain an action advanced under Section 1983, the plaintiff is required to demonstrate that the defendant sued is a "person" as defined by Section 1983. Whether a defendant is a "person" under Section 1983 involves an inquiry which is similar, but distinct, from that employed within an Eleventh Amendment immunity analysis. *Kaul v. Christie*, 372 F.Supp.2d 206, 244 (D.N.J. 2019). The seminal case of *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (*Will*) provides the proper test for determining whether a defendant is a "person" under Section 1983. *Will*, 491 U.S. at 71. The United States Supreme Court in *Will* inexplicably stated that state officials, sued in their official capacities, are *not* "persons" subject to liability under Section 1983. *Id.*; *see Fitzpatrick v. Pennsylvania Dept. of Transp.*, 40 F. Supp. 2d 631, (stating that, in *Will*, "the Supreme Court held that a state is not a 'person' subject to § 1983 liability and that the nonperson status extends to 'governmental entities that are considered arms of the state'").

Plaintiff is unable to succeed upon his Section 1983 action against Commonwealth Defendants because Commonwealth Defendants are not "persons" subject to liability under the statute. Plaintiff brings suit against Commonwealth Defendants in their official capacities, and Commonwealth Defendants are each state officials. (ECF No. 1 at 1.) Accordingly, it follows Commonwealth Defendants are not "persons" subject to liability pursuant to Section 1983.

> b. *Plaintiff is Unable to Demonstrate Commonwealth Defendants Personal Involvement in the Alleged Constitutional Violation*

Plaintiff is unable to succeed upon his action under Section 1983 because Plaintiff cannot demonstrate that Commonwealth Defendants were each personally involved in the alleged constitutional violation.

In order to state a viable claim pursuant to Section 1983, a plaintiff must aver personal involvement by each defendant in the alleged constitutional violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The United States Supreme Court has provided, in actions brought pursuant to Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. . . . [E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 676-677 (2009).

Presently, Plaintiff has failed to allege any facts within the operative Complaint, or demonstrate otherwise, that Commonwealth Defendants were each personally involved the alleged deprivation of Plaintiff's constitutional rights. Plaintiff has failed to allege any factual allegations that suggest the particular actions of Commonwealth Defendants resulted in the deprivation of Plaintiff's constitutional rights. Plaintiff has not alleged that Commonwealth Defendants specifically prevented his participation in medically assisted suicide. Plaintiff only suggests that, by virtue of Commonwealth Defendants' positions as state officials, they are each somehow responsible for Plaintiff's inability to participate in medically assisted suicide. As stated in Section V.A.1. of this Opposition, Commonwealth Defendants are not responsible for the enforcement of the Section 2505 of the Pennsylvania Crimes or the Assisted Suicide Funding Restriction Act. In sum, Plaintiff's overbroad allegations are insufficient to demonstrate the requisite element of personal involvement with respect to action under Section 1983.

      c.    *Plaintiff Cannot Establish Commonwealth Defendants Violated the First, Thirteenth, or Fourteenth Amendments of the Constitution*

Plaintiff's Section 1983 action is additionally deficient because, as a matter of law, Plaintiff cannot demonstrate that the failure to allow assisted suicide constitutes a violation First, Thirteenth, or Fourteenth Amendment of the United States Constitution.

The Fourteenth Amendment of the United States Constitution provides, "[n]o state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Cont. amend. XIV, § 1.  The protections afforded by the due process clause of the Fourteenth Amendment apply both to "matters of substantive law as well as to matters of procedure".  *Planned Parenthood of S.E. Pa. v. Casey*, 505 U.S. 833, 846–87 (1992).  "[T]he substantive component of the Clause . . . protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.' " *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).  In order "[t]o establish a Fourteenth Amendment substantive due process claim, a plaintiff must prove that the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).

Plaintiff contends that Commonwealth Defendants' enforcement of Section 2505 of the Pennsylvania Crimes or the Assisted Suicide Funding Restriction Act—the former, criminalizing assisted suicide, and the latter, prohibiting the use of federal funds in funding assisted suicide—constitutes a violation of Plaintiff's rights under the Fourteenth Amendment.  (ECF No. 1, ¶¶ 11a.)  Plaintiff supports this contention by alleging that "[s]uicide is a fundamental human right, supported by the . . . Fourteenth Amendment[]." (*Id.*)  However, Plaintiff's allegation fails as a matter of law as the United States Supreme Court has expressly determined that medically assisted suicide is not a fundamental right protected by substantive due process under the Fourteenth Amendment. *Washington v. Glucksberg*, 521 U.S. 702, 702-03 (1997) (holding, "assistance in committing suicide is not a fundamental liberty interest protected by the Due

Process Clause"). It follows, Plaintiff's contention that the failure to allow assisted suicide constitutes a violation of the Fourteenth Amendment should be rejected as a matter of law.

Further, the First Amendment of the United States Constitution provides, "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people to peacefully assemble." U.S. Const. amend I. Plaintiff alleges that Commonwealth Defendants' prohibition on his ability to engage in medically assisted suicide constitutes a violation of his freedom of expression guaranteed by the First Amendment. (ECF No. 1, ¶ 34.) However, Plaintiff's rationale is clearly flawed. "In addition to protecting literal speech, the First Amendment protects some expressive conduct." *Adhi Parasakthi Charitable, Medical, Educational, and Cultural Society of North America v. Township of West Pikeland*, 721 F.Supp.2d 361, 372 (E.D. Pa. 2010). "Expressive conduct will constitute protected speech if the conduct is 'imputed with elements of communication,' given the factual context of the conduct. In cases where the expressiveness of the conduct is in doubt, the burden is on the putative speaker to demonstrate that the conduct was expressive." *Id.* (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 158 (3d Cir. 2002)).

Plaintiff has failed to satisfy his burden of demonstrating that engaging in medically assisted suicide is "expressive conduct", as defined by our Third Circuit and United States Supreme Court. As is alleged within the operative Complaint, Plaintiff wants to engage in medically assisted suicide in order to "end his life in his home". (ECF No. 1, ¶ 14.) Plaintiff's fails to allege or establish how his participation in medically assisted suicide is "imputed with elements of communication" toward others. *Tenafly*, 309 F.3d at 158. Reading the allegations included in Plaintiff's Complaint, it seems Plaintiff is not primarily aggrieved with the fact that he is unable to communicate to others that he supports one's participation in medically assisted

14

suicide. Rather, Plaintiff is aggrieved because he, himself, wants to engage in medically assisted suicide, but cannot. Plaintiff's concerns are not within the purview of the First Amendment, and Plaintiff has failed to show otherwise.

Lastly, the Thirteenth Amendment of the United States Constitution "slavery and involuntary servitude". U.S. Const. amend. XIII. Plaintiff alleges he is a "slave to the government" because he is unable to engage in medically assisted suicide in Pennsylvania. (ECF No. 1, ¶¶ 14.) Within the context of the Thirteenth Amendment, the term involuntary servitude

> means a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal practice. This definition encompasses those cases in which the defendant holds the victim in servitude by placing the victim in fear of such physical restraint or injury or legal coercion.

*United States v. Kozminski*, 487 U.S. 931, 952 (1988). "Several courts have concluded that there is no direct, independent cause of action under the Thirteenth Amendment. This court has noted that if a Thirteenth Amendment claim is permitted to go forward, the plaintiff must allege 'the essential ingredient of involuntary servitude, which is the inability to avoid continued service.' " *Dolla v. Unicast Co.*, 930 F.Supp. 202, 206 (E.D. Pa. 1996) (internal citations omitted).

Plaintiff's alleged Thirteenth Amendment violation is entirely misplaced. Plaintiff's allegations do not establish he is required to labor, and cannot avoid continuing labor for a particular individual. Plainly, Plaintiff cannot reasonably maintain that the failure to allow medically assisted suicide constitutes a violation of the Thirteenth Amendment.

For the reasons stated above, Plaintiff is unable to demonstrate a constitutional violation in order to state a viable cause of action under Section 1983. Accordingly, Plaintiff has failed to

establish a likelihood of succeeding on the merits, and the present Motion for Preliminary Injunction must be dismissed.

### 3. Plaintiff is Unable to Establish a Cause of Action under Section 1981 against Commonwealth Defendants

Similar to Plaintiff's cause of action under Section 1983, Plaintiff is unable to establish a likelihood of succeeding on the merits of his simultaneous cause of action under 42 U.S.C. § 1981 ("Section 1981"). Section 1981 provides, as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. While Section 1981 guarantees extensive rights, the statute does not create a private right of action against state actors. *Jett v Dallas Independent School Dist.*, 491 U.S. 701, 731 (1989). Rather, "the express cause of action for damages created by §1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in §1981 by state governmental units." *McGovern v. City of Philadelphia*, 554 F.3d 114, 116–117 (3d Cir. 2009). Due to the fact Plaintiff is unable to establish a viable cause of action under Section 1983 against Commonwealth Defendants, Plaintiff as a result has no remedy available pursuant to Section 1981. *Collins v State of PA*, 2013 WL 5874770, *6 (Cmwlth. Ct. 2013) (applying federal law) (holding that because plaintiff students could not state a claim against the Commonwealth under §1983, they had no remedy available for alleged violation under §1981). Accordingly, Plaintiff has failed to establish a likelihood of succeeding upon his cause of action pursuant to Section 1981.

//

### B.     <u>Plaintiff Fails to Demonstrate a Likelihood of Suffering Irreparable Harm Absent a Preliminary Injunction</u>

In addition to Plaintiff's inability to demonstrate the first "gateway factor" necessary for an award of a preliminary injunction, Plaintiff similarly is unable to establish the second "gateway factor" necessary to award the requested relief.

"[T]o demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy *following a trial*." *Rosario v. Wetzel,* No. 2:23-cv-966, 2024 WL 1677489, *3 (W.D. Pa. April 18, 2024) (emphasis added) (citing *Siemens USA Holdings Ing v. Geisenberger*, 17 F.4th 393, 408 (3d Cir. 2021)). Plaintiff must "produce affirmative evidence indicating that he or she will be irreparably harmed should that relief be denied," *Id.* (citing *Marxe v. Jackson*, 833 F.2d 1121, 1127 (3d Cir. 1987)), and the threatened harm "must not be speculative." *Id.* (citing *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487–88 & n.13 (3d Cir. 2000)). "Thus, even though the preliminary injunction inquiry is forward looking, the court can and must determine whether the moving party has established 'that it specifically and personally risks irreparable harm' to succeed on this factor." *Id.* (citing *ADP, Inc. v. Levin*, No. 21-2187, 2022 WL 1184202, at *2 (3d Cir. Apr. 21, 2022). Importantly, where a plaintiff's request for injunctive relief requests "largely the same . . . relief sought in his initial complaint", the granting of injunctive relief would be inappropriate and would, "in effect, fail to 'preserve the relative positions of the parties' until the merits of the case are considered and would instead amount to a 'final judgment on the merits.' " *Rosario*, No. 2:23-cv-966, 2024 WL 1677489, *3 (quoting *Martinez v. Rivello*, No. 22-2518, 2023 WL 3376545, ay *2 (3d Cir. May 11, 2023).

Plaintiff is unable to demonstrate irreparable harm because the present Motion for Preliminary Injunction requests the same relief as his operative Complaint. (*Compare* ECF No.

1 *and* ECF No. 6.) Furthermore, other than providing mere representations within his Complaint and Motion for Preliminary Injunction, Plaintiff has failed to provide any verified statements or other "affirmative evidence" which demonstrate his prognosis. *Marxe*, 833 F.2d at 1127. The only information provided concerning Plaintiff's prognosis is a summary of Plaintiff's medical history, included in the "Background Facts" section of his pending Motion for Preliminary Injunction. (ECF No. 6 at 7-9.) However, such a summary is speculative and insufficient to demonstrate the irreparable harm required for award of a preliminary injunction. Accordingly, Plaintiff has failed to demonstrate the second "gateway factor" necessary for an award of a preliminary injunction.

## VI.  CONCLUSION

Based on the foregoing, Commonwealth Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Preliminary Injunction and Consolidated Trial.

Respectfully submitted,

Dated: July 12, 2024

MICHELLE A. HENRY
Attorney General

By: */s/ Sarin V. Keosian-Frounjian*

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, Pennsylvania 19103
Phone: (215) 560-2128
skeosianfrounjian@attorneygeneral.gov

SARIN V. KEOSIAN-FROUNJIAN
Deputy Attorney General
Attorney I.D. 329591

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants Shapiro, Henry and Bogen*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GORDON ROY PARKER,                              : | |
| Plaintiff,   : | |
| :  | No.  2:24-CV-02279 |
| v.                                              : | |
| :  | Judge Surrick |
| JOSHUA DAVID SHAPIRO, MICHELLE  : | |
| HENRY, DEBORAH L. BOGEN, LARRY  : | Electronically Filed Document |
| KRASHNER AND MERRICK BRIAN      : | |
| GARLAND,                                        : | *Complaint Filed 06/03/24* |
| Defendants.   : | |

**CERTIFICATE OF SERVICE**

I, Sarin V. Keosian-Frounjian, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on, July 12, 2024, I caused to be served a true and correct copy of the foregoing document titled, "Commonwealth Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction and Consolidate Trial", to the following:

**VIA U.S. MAIL**

**Gordon Roy Parker**
**315 South Broad Street, #0106**
**Philadelphia, PA  19107**
*Pro Se Plaintiff*

**VIA ECF**

**Daniel P. Margolskee, Esquire**
**Philadelphia District Attorney's Office**
**3 South Penn Square**
**Philadelphia, PA  19107**
*Counsel for Defendant Krasner*

 */s/ Sarin V. Keosian-Frounjian*
**SARIN V. KEOSIAN-FROUNJIAN**
**Deputy Attorney General**