**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| Plaintiff, | : | |
| | : | No.  2:24-CV-02279 |
| v. | : | |
| | : | Judge Surrick |
| JOSHUA DAVID SHAPIRO, MICHELLE | : | |
| HENRY, DEBORAH L. BOGEN, LARRY | : | Electronically Filed Document |
| KRASHNER AND MERRICK BRIAN | : | |
| GARLAND, | : | *Complaint Filed 06/03/24* |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2024, upon consideration of Commonwealth Defendants Josh Shapiro, Michelle Henry, and Deborah L. Bogen's Motion to Dismiss Plaintiff's Complaint, it is hereby ORDERED and DECREED that Commonwealth Defendants' Motion is GRANTED.  All claims against Commonwealth Defendants are hereby dismissed, with prejudice.

_____
**HONORABLE R. BARCLAY SURRICK**
**United States District Judge**

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| Plaintiff, | : | |
| | : | No.  2:24-CV-02279 |
| v. | : | |
| | : | Judge Surrick |
| JOSHUA DAVID SHAPIRO, MICHELLE | : | |
| HENRY, DEBORAH L. BOGEN, LARRY | : | Electronically Filed Document |
| KRASHNER AND MERRICK BRIAN | : | |
| GARLAND, | : | *Complaint Filed 06/03/24* |
| Defendants. | : | |

## <u>COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendants Josh Shapiro, Michelle Henry, and Deborah L. Bogen (collectively, "Commonwealth Defendants"), by and through undersigned counsel, hereby move to dismiss Plaintiff Gordon Roy Parker's Complaint, pursuant to Federal Rule of Civil Procedure 12(b), for the reasons contained in the below Memorandum of Law.  Fed. R. Civ. P. 12(b).

Respectfully submitted,

Dated:  July 19, 2024

MICHELLE A. HENRY
Attorney General

By:  */s/ Sarin V. Keosian-Frounjian*

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, Pennsylvania 19103
Phone: (215) 560-2128
skeosianfrounjian@attorneygeneral.gov

SARIN V. KEOSIAN-FROUNJIAN
Deputy Attorney General
Attorney I.D. 329591

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants Shapiro, Henry and Bogen*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| Plaintiff, | : | |
| | : | No. 2:24-CV-02279 |
| v. | : | |
| | : | Judge Surrick |
| JOSHUA DAVID SHAPIRO, MICHELLE | : | |
| HENRY, DEBORAH L. BOGEN, LARRY | : | Electronically Filed Document |
| KRASHNER AND MERRICK BRIAN | : | |
| GARLAND, | : | *Complaint Filed 06/03/24* |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Josh Shapiro, Michelle Henry, and Deborah L. Bogen (collectively, "Commonwealth Defendants"), by and through undersigned counsel, respectfully submit the present Memorandum of Law in support of Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint.

## I.    INTRODUCTION

Plaintiff Gordon Roy Parker's ("Plaintiff") Complaint as alleged against Commonwealth Defendants[1] is clearly subject to dismissal.   Initially, Plaintiff is unable to maintain the present suit against Commonwealth Defendants because Commonwealth Defendants enjoy sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution.   Furthermore, even where Commonwealth Defendants are not immune from suit, Plaintiff's Complaint remains subject to dismissal because Plaintiff is unable to state a viable cause of action against Commonwealth Defendants.   Specifically, as a matter of law, Commonwealth Defendants' alleged

---

[1]    As stated below, "Commonwealth Defendants" include: (1) Governor of the Commonwealth of Pennsylvania, Josh Shapiro; (2) Attorney General of the Commonwealth of Pennsylvania, Michelle Henry; and (3) Acting Secretary of Health, Deborah Bogen.

failure to allow Plaintiff's participation in medically assisted suicide is not a violation of the First, Thirteenth, and Fourteenth Amendments of the United State Constitution.  For these reasons, Plaintiff's Complaint should be dismissed, with prejudice.

## II.    PROCEDURAL BACKGROUND

Plaintiff, *pro se*, commenced this action by filing a Complaint on June 3, 2024.  (ECF No. 1.)  Seven days later, on June 10, 2024, Plaintiff filed a Motion for Preliminary Injunction and Consolidated Trial ("Motion for Preliminary Injunction").  (ECF No. 6.)  Commonwealth Defendants filed a Motion for Extension of Time to Respond to Plaintiff's Complaint and Motion for Preliminary Injunction on July 1, 2024.[2]  (ECF No. 11.)   The Court graciously granted Commonwealth Defendants' Motion for Extension of Time, and provided Commonwealth Defendants until July 12, 2024 to file a response to Plaintiff's Motion for Preliminary Injunction, and until July 19, 2024 to file an answer, or otherwise respond, to Plaintiff's Complaint.  (ECF No. 12.)  Commonwealth Defendants, now, respond to Plaintiff's Complaint by filing the present Motion to Dismiss.

## III.    FACTUAL BACKGROUND

Plaintiff's operative Complaint is advanced pursuant to 42 U.S.C. §§ 1981-1983 alleging that federal, state, and city officials have violated his constitutional rights.  (ECF No. 1 at 1.) Relevant to the present Motion to Dismiss, Plaintiff's Complaint brings suit against the following officials of the Commonwealth of Pennsylvania, in their official capacities: (1) Governor of the Commonwealth of Pennsylvania, Josh Shapiro; (2) Attorney General of the Commonwealth of

---

[2]      It should be noted, co-Defendant Larry Krasner filed an Opposition to Plaintiff's Motion for Preliminary Injunction, as well as a Motion to Dismiss Plaintiff's Complaint on July 1, 2024.  (ECF Nos. 8-9.)  Plaintiff, thereafter, filed a response to Defendant Krasner's Opposition to Plaintiff's Motion for Preliminary Injunction on July 9, 2024. (ECF No. 13.)

Pennsylvania, Michelle Henry; and (3) Acting Secretary of Health, Deborah Bogen (collectively, "Commonwealth Defendants").  (*Id.*)

Plaintiff alleges he is terminally ill, with end-stage liver disease and a median prognosis of less than six months to live.  (ECF No. 1, ¶ 1.)  Plaintiff wants to end his life by medically assisted suicide, however medically assisted suicide is criminalized in the Commonwealth of Pennsylvania by Section 2505 of the Pennsylvania Crimes Code.  (*Id.* ¶ 11(f)-(g).)  Furthermore, the United States government has prohibited the use of federal funds for the purposes of funding medically assisted suicide through the passage of the Assisted Suicide Funding Restriction Act.  (*Id.*) Plaintiff brings suit against Commonwealth Defendants, alleging Commonwealth Defendants have violated Plaintiff's First, Thirteenth, and Fourteenth Amendment rights under the United States Constitution through the enforcement of Section 2502 of the Pennsylvania Crimes Code and the Assisted Suicide Funding Restriction Act.  (*Id.* ¶¶ 22-32, 45-49.)  Succinctly, Plaintiff alleges "[s]uicide is a fundamental right", and prohibiting Plaintiff's participation in medically assisted suicide constitutes a violation of Plaintiff's First Amendment right to free expression, Thirteenth Amendment right to be free from indentured servitude, and Fourteenth Amendment right to due process.  (*Id.* ¶¶ 23, 28, 34, 38, 42.)

By way of Plaintiff's Complaint, Plaintiff prays for the following declaratory relief, in relevant part: (1) a declaration that suicide is a fundamental right supported by the First, Thirteenth, and Fourteenth Amendment; (2) a declaration that the federal Assisted Suicide Funding Restriction Act is unconstitutional; (3) a declaration that Section 2505 of the Pennsylvania Crimes Code is unconstitutional; and (4) a declaration that the fifteen day waiting period requirement—which requires patients with a terminal illness to make two oral requests for life-ending medication fifteen days apart, pursuant to some state statutes—is unconstitutional.  (*Id.* at 12-13.)

## IV.    STANDARD OF REVIEW

Commonwealth Defendants' present Motion to Dismiss is grounded upon the absence of subject matter jurisdiction and the failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Fed. R. Civ. P. 12(b)(1), (6).

### A.    Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") permits dismissal of a complaint based upon an absence of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion challenging subject matter jurisdiction pursuant to Rule 12(b)(1) comes in two forms.  Initially, a motion under Rule 12(b)(1) may constitute a "facial challenge" to subject matter jurisdiction.  A "facial challenge" to subject matter jurisdiction argues that the complaint fails to allege subject matter jurisdiction, or contains defects in the jurisdictional allegations.  *Urella v. Pennsylvania State Troopers Ass'n*, 628 F.Supp.2d 600, 604 (E.D. Pa. 2008).  Separately, a motion under Rule 12(b)(1) may constitute a "factual challenge" to subject matter jurisdiction, which "differs greatly" than a "facial challenge" to subject matter jurisdiction.  *Mortensen v. First Federal Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).   A "factual challenge" "attacks the existence of subject matter jurisdiction in fact, quite apart from any pleadings".  *Id.*

Where a Rule 12(b)(1) motion presents a "facial challenge" to subject matter jurisdiction, "the factual allegations in the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present."  *Halstead v. Motorcycle Safety Foundation Inc.*, 71 F.Supp.2d 464, 468 (E.D. Pa. 1999).  In contrast, where a Rule 12(b)(1) motion presents a "factual challenge" to subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial

court form evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

Additionally, "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

A motion alleging a defendant is immune from suit pursuant to the Eleventh Amendment

of the United States Constitution is properly considered as a motion under Rule 12(b)(1). *Blanciak*

*v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir. 1996) (explaining, because "the Eleventh

Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction", a

motion asserting Eleventh Amendment immunity is properly considered under Rule 12(b)(1)).

### B.      <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure

to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's "complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  To meet this standard, a complaint

must plead "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 787.  The

Third Circuit has developed a three-part framework in this analysis: (1) a plaintiff must present

enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary

elements; (2) a plaintiff's claims may not be merely conclusory; and (3) where there are well-

pleaded factual allegations, the court should assume their truth and then determine if they plausibly

entitle a plaintiff to relief.  *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787-89 (3d Cir. 2016).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Fowler*

*v. UPMC Shadyside*, 578 F.3d 203, 211 (3d. Cir. 2009) (explaining, "the District Court must . . .

determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts.").

In this analysis, the Court must assume all well-pleaded factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and draw all reasonable inferences therefrom.  *Connelly*, 809 F.3d at 790.  Conversely, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (explaining that the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action").  Similarly, the Court is not required to accept "inferences drawn by a plaintiff if they are unsupported by the facts set forth in the complaint."  *Doe v. Pa. DOC*, No. 1:20-cv-00023-SPB-RAL, 2021 WL 1583556 at *6 (W.D. Pa. Feb. 19, 2021) (citing *Cal. Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004)).

Where a party represents him or herself *pro se*, the Court's analysis alters.  The Supreme Court requires the Court to "liberally construe" a *pro se* document.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In considering a motion to dismiss, the reviewing court examines "the complaint, the exhibits attached to the complaint, and matter of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichik*, 605

F.3d 223, 230 (3d. Cir. 2010).  Furthermore, while "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings[,]  . . . an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.' "  *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d. Cir. 1997) (emphasis in original) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1224 (1st Cir. 1996)).  "The rationale underlying this exception is that the primary problem raised by looking at documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.' "  *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)).  A document will be considered "integral to or explicitly relied upon in the complaint" where the claims in the complaint are "based on" the extrinsic document; it is not required that the document be explicitly cited within the complaint.  *Id.*

## V.   ARGUMENT

Plaintiff's Complaint is subject to dismissal for two reasons.   Initially, Plaintiff's Complaint against Commonwealth Defendants must be dismissed because Commonwealth Defendants are immune from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution.  Fed. R. Civ. P. 12(b)(1).  Furthermore, even where the Court determines Eleventh Amendment sovereign immunity is inapplicable, Plaintiff's Complaint must still be dismissed because Plaintiff is unable to state a viable claim against Commonwealth Defendants.  Fed. R. Civ. P. 12(b)(6).  Commonwealth Defendants address each ground for dismissal in turn, below.

//

//

9

A.     **Plaintiff's Complaint is Subject to Dismissal Because Commonwealth Defendants are Immune from Suit Pursuant to the Eleventh Amendment**

Plaintiff's Complaint against Commonwealth Defendants must be dismissed because Commonwealth Defendants are immune from Plaintiff's suit pursuant to the Eleventh Amendment.

"The Eleventh Amendment renders the States immune from 'any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subject of any Foreign State.' " *Tennessee v. Lane*, 541 U.S. 509, 517 (2004).  "It is clear . . . that in absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "There are two general exceptions to the Eleventh Amendment's grant of sovereign immunity to states and state agencies."  *Urella*, 628 F.Supp.2d at 605.   Initially, Congress may revoke, or abrogate, Eleventh Amendment immunity where it has " 'unequivocally expressed[d] its intent to' do so and acted 'pursuant to a valid exercise of power.' " *Id.* (quoting *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996)).  Further, a state may specifically waive its Eleventh Amendment immunity and consent to suit.  *Id.*  A state's waiver of sovereign immunity must "be unequivocally expressed".  *Pennhurst*, 465 U.S. at 99.

Presently, Plaintiff's suit, which is advanced against Commonwealth Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983"), is unequivocally barred by Commonwealth Defendants' Eleventh Amendment sovereign immunity.   First and foremost, Eleventh Amendment immunity is applicable to Plaintiff's Complaint because Plaintiff brings suit against the Governor, Attorney General, and Secretary of Health of the Commonwealth of Pennsylvania in their official capacities. *Doe v. Schorn*, No. 23-3252-KSM, 2024 WL 128210 at *4 (E.D. Pa. Jan. 10, 2024) ("Because an official capacity suit against a state official is really a suit against the state, '[a] state official sued

10

in an official capacity is generally entitled to immunity under the Eleventh Amendment'"). Second, neither of the two general exceptions to Eleventh Amendment immunity are applicable to Plaintiff's action brought pursuant to Section 1983.  Importantly, as our Supreme Court has previously determined, Congress did not revoke the states' Eleventh Amendment immunity when enacting Section 1983.  *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Furthermore, the Commonwealth of Pennsylvania, similarly, has not waived the sovereign immunity afforded by the Eleventh Amendment with respect to lawsuits advanced pursuant to Section 1983.  *See* 42 Pa. C.S. § 8521(b) (Pennsylvania, by statute, has explicitly reserved its right to immunity from suit in federal court pursuant to Eleventh Amendment).  Accordingly, Commonwealth Defendants are immune from Plaintiff's suit in accordance with the Eleventh Amendment.

Additionally, Commonwealth Defendants urge this Court to find that the exception to Eleventh Amendment immunity enumerated within *Ex Parte Young*, 209 U.S. 123 (1908) (*Ex Parte Young*), is *inapplicable*.  In *Ex Parte Young*, the Supreme Court determined that state officials in their official capacities do not have Eleventh Amendment immunity when sued for prospective injunctive relief.  *Ex Parte Young*, 209 U.S. at 157.  In other words, the exception within *Ex Parte Young* allows an individual to bring suit against state officials in their official capacities in order to prevent a continuing violation of federal law.  *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 ("To be sure, in *Ex parte Young*, this Court recognized a narrow exception grounded in traditional equity practice—one that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law.").  However, the exception in *Ex Parte Young* is only applicable where the state officials named as defendants are engaged in an "*ongoing violation* of federal law".  *Verizon Md., Inc. v. Pub. Serv. Com'n of Md.*, 535 U.S. 635, 645 (2002).  "It is not enough to show that a

state official is charged with defending the constitutionality of the state's laws; instead, the official must have '*some connection with the enforcement of the act*' and have *demonstrated a willingness to exercise that duty*." *Doe*, No. 23-3252-KSM, 2024 WL 128210 at *4 (emphasis added).

Here, the exception enumerated in *Ex Parte Young* is not applicable with respect to Plaintiff's suit against Commonwealth Defendants because, although Plaintiff requests injunctive relief, Commonwealth Defendants do not have any connection with the law alleged to violate the United States Constitution.  Plaintiff's Complaint prays for a declaration from this Court that Section 2505 of the Pennsylvania Crimes Code, as well as the federal Assisted Suicide Funding Restriction Act are unconstitutional.  (ECF No. 1 at 12-13.)  Plaintiff's Complaint additionally prays for injunctive relief, requesting that this Honorable Court require Commonwealth Defendants to refrain from enforcing Section 2505 of the Pennsylvania Crimes Code, and the federal Assisted Suicide Funding Restriction Act.  (*Id.*)  While the relief requested by Plaintiff appears prospective in nature, the exception in *Ex Parte Young* is inapplicable to Commonwealth Defendants because Commonwealth Defendants are not charged with the enforcement of either law.  Initially, it is inexplicably clear that Commonwealth Defendants have no responsibility or statutory duty to enforce a federal statute, such as the Assisted Suicide Funding Restriction Act. Such responsibility is charged with federal authorities.

Furthermore, other than in attenuated terms, Commonwealth Defendants have no connection with the enforcement of Section 2505 of the Pennsylvania Crimes Code.  Particularly, with respect to Commonwealth Defendant Attorney General Henry, no provision of the Commonwealth Attorneys Act provides the Attorney General with the enforcement responsibility of Section 2505 of the Pennsylvania Crimes Code.  *See* 71 P.S. § 732-205 (enumerating eight instances in which the Attorney General has "the power to prosecute" individuals).  While the

Commonwealth Attorneys Act does provide Commonwealth Defendant Attorney General Henry with the authority to prosecute a criminal action when the action is referred by a district attorney, presiding judge, or Commonwealth agency, these provisions have been held to be "too attenuated to trigger the *Ex Parte Young* narrow exception to sovereign immunity. *See Doe*, No. 23-3252-KSM, 2024 WL 128210 at *4-5. Additionally, with respect to Commonwealth Defendant Governor Shapiro, Governor Shapiro's general duty to enforce the laws of the Commonwealth of Pennsylvania is not sufficient to demonstrate a responsibility to enforce Section 2505 of the Pennsylvania Crimes Code. *1st Westco Corp. v. School Dist. Of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993) ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging law."). Lastly, with respect to Commonwealth Defendant Secretary Bogen, Secretary Bogen's responsibilities are defined by statute, and such statutes do not provide Secretary Bogen with the authority to enforce sections of the Pennsylvania Crimes Code. *See* 71 P.S. §§ 532, 1403 (providing Secretary with general duty to protect health of people of Commonwealth).

Accordingly, because none of the Commonwealth Defendants have the responsibility of enforcing Section 2505 of the Pennsylvania Crimes Code or the Assisted Suicide Funding Restriction Act, Commonwealth Defendants cannot be said to have engaged in the "continuing violation of federal law". For this reason, the narrow exception to Eleventh Amendment immunity enumeration within *Ex Parte Young* is inapplicable, and Eleventh Amendment immunity operates to bar Plaintiff's action against Commonwealth Defendants. It follows, as Commonwealth Defendants enjoy sovereign immunity under the Eleventh Amendment, Commonwealth Defendants are immune from Plaintiff's suit and dismissal of the operative Complaint is required. //

**B.** **Plaintiff's Complaint is Subject to Dismissal Because Plaintiff Fails to State a Cognizable Claim under 42 U.S.C. §§ 1981-1983**

Furthermore, even where this Court determines an exception to Eleventh Amendment immunity applies in this action, Plaintiff's Complaint remains subject to dismissal because Plaintiff fails to state a viable cause of action against Commonwealth Defendants.  Plaintiff's Complaint maintains the present suit pursuant to 42 U.S.C. §§ 1981-1983.  Below, Commonwealth Defendants contend Plaintiff has failed to state a cognizable cause of action under 42 U.S.C. § 1983 ("Section 1983"), *as well as* 42 U.S.C. § 1981 ("Section 1981").

1.   Plaintiff is Unable to State a Cognizable Claim against Commonwealth Defendants under Section 1983

Plaintiff cannot state a claim under Section 1983 against Commonwealth Defendants.  Initially, Commonwealth Defendants are not "persons" subject to liability under Section 1983.  Further, Plaintiff is unable to demonstrate Commonwealth Defendants were each personally involved in the alleged deprivation of Plaintiff's constitutional violation.  Lastly, Plaintiff is unable to demonstrate that Commonwealth Defendants violated the First, Thirteenth, and Fourteenth Amendments of the United States Constitution.

a.   *Commonwealth Defendants are not "Persons" as Defined by Section 1983*

Plaintiff's operative Complaint fails to state a cause of action pursuant Section 1983 against Commonwealth Defendants because Commonwealth Defendants are not "persons" subject to liability under Section 1983.

Section 1983 allows an individual to bring an action against a "person" who, acting under the color of state law, has deprived the individual of their constitutional rights.  42 U.S.C. § 1983.  In order to maintain an action advanced under Section 1983, the plaintiff is required to demonstrate that the defendant sued is a "person" as defined by Section 1983.  Whether a defendant is a

14

"person" under Section 1983 involves an inquiry which is similar, but distinct, from that employed within an Eleventh Amendment immunity analysis. *Kaul v. Christie*, 372 F.Supp.2d 206, 244 (D.N.J. 2019).   The seminal case of *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (*Will*) provides the proper test for determining whether a defendant is a "person" under Section 1983. *Will*, 491 U.S. at 71.  The United States Supreme Court in *Will* inexplicably stated that state officials, sued in their official capacities, are *not* "persons" subject to liability under Section 1983. *Id.*; *see Fitzpatrick v. Pennsylvania Dept. of Transp.*, 40 F. Supp. 2d 631, (stating that, in *Will*, "the Supreme Court held that a state is not a 'person' subject to § 1983 liability and that the nonperson status extends to 'governmental entities that are considered arms of the state'").

Presently, Plaintiff is unable to state a cognizable cause of action under Section 1983 against Commonwealth Defendants because Commonwealth Defendants are not "persons" subject to liability under the statute.  Plaintiff brings suit against Commonwealth Defendants in their official capacities, and Commonwealth Defendants are each state officials.  (ECF No. 1 at 1.) Accordingly, Commonwealth Defendants are not "persons" subject to liability pursuant to Section 1983, and therefore, Plaintiff's Section 1983 cause of action must be dismissed against Commonwealth Defendants.

> b.   *Plaintiff is Unable to Demonstrate Commonwealth Defendants were Personally Involved in the Alleged Constitutional Violation*

Plaintiff fails to state a cause of action under Section 1983 against Commonwealth Defendants because Plaintiff is plainly unable to demonstrate that Commonwealth Defendants were each personally involved in the alleged constitutional violations.

In order to state a viable claim pursuant to Section 1983, a plaintiff must aver personal involvement by each defendant in the alleged constitutional violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  The United States Supreme Court has provided, in actions brought

pursuant to Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. . . . [E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft*, 556 U.S. at 676-677 (2009).

Presently, Plaintiff has failed to allege any facts within the operative Complaint, or demonstrate otherwise, that Commonwealth Defendants were each personally involved the alleged deprivation of Plaintiff's constitutional rights.  Plaintiff has failed to allege any factual allegations that suggest the particular actions of Commonwealth Defendants resulted in the deprivation of Plaintiff's constitutional rights.  Plaintiff has not alleged that Commonwealth Defendants specifically prevented his participation in medically assisted suicide.  Plaintiff only suggests that, by virtue of Commonwealth Defendants' positions as state officials, they are each somehow responsible for Plaintiff's inability to participate in medically assisted suicide.  As stated above, Commonwealth Defendants are not responsible for the enforcement of the Section 2505 of the Pennsylvania Crimes Code or the Assisted Suicide Funding Restriction Act.  In sum, Plaintiff's overbroad allegations are insufficient to demonstrate the requisite element of personal involvement with respect to action under Section 1983, and for this reason, Plaintiff's Complaint against Commonwealth Defendants should be dismissed.

> c.   *Plaintiff Cannot Establish Commonwealth Defendants Violated the First, Thirteenth, or Fourteenth Amendment of the Constitution*

Plaintiff's Section 1983 action is additionally deficient because, as a matter of law, Plaintiff cannot demonstrate that the failure to allow assisted suicide constitutes a violation First, Thirteenth, or Fourteenth Amendment of the United States Constitution.

The Fourteenth Amendment of the United States Constitution provides, "[n]o state shall . . . deprive any person of life, liberty, or property without due process of law."  U.S. Cont. amend.

XIV, § 1.  The protections afforded by the due process clause of the Fourteenth Amendment apply both to "matters of substantive law as well as to matters of procedure".  *Planned Parenthood of S.E. Pa. v. Casey*, 505 U.S. 833, 846–87 (1992).  "[T]he substantive component of the Clause . . . protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.' "  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).  In order "[t]o establish a Fourteenth Amendment substantive due process claim, a plaintiff must prove that the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience."  *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).

Plaintiff contends that Commonwealth Defendants' enforcement of Section 2505 of the Pennsylvania Crimes Code and the Assisted Suicide Funding Restriction Act—the former, criminalizing assisted suicide, and the latter, prohibiting the use of federal funds in funding assisted suicide—constitutes a violation of Plaintiff's rights under the Fourteenth Amendment.  (ECF No. 1, ¶¶ 11a.)  Plaintiff supports this contention by alleging that "[s]uicide is a fundamental human right, supported by the . . . Fourteenth Amendment[]."  (*Id.*)  However, Plaintiff's allegation fails as a matter of law as the United States Supreme Court has expressly determined that medically assisted suicide is not a fundamental right protected by substantive due process under the Fourteenth Amendment.  *Washington v. Glucksberg*, 521 U.S. 702, 702-03 (1997) (holding, "assistance in committing suicide is not a fundamental liberty interest protected by the Due Process Clause").  It follows, Plaintiff's contention that the failure to allow assisted suicide constitutes a violation of the Fourteenth Amendment should be rejected as a matter of law.

Further, the First Amendment of the United States Constitution provides, "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people to peacefully assemble."  U.S. Const. amend I.  Plaintiff alleges that Commonwealth Defendants' prohibition on his ability to engage in medically assisted suicide constitutes a violation of his freedom of expression guaranteed by the First Amendment.  (ECF No. 1, ¶ 34.)  However, Plaintiff's rationale is clearly flawed.  "In addition to protecting literal speech, the First Amendment protects some expressive conduct."  *Adhi Parasakthi Charitable, Medical, Educational, and Cultural Society of North America v. Township of West Pikeland*, 721 F.Supp.2d 361, 372 (E.D. Pa. 2010). "Expressive conduct will constitute protected speech if the conduct is 'imputed with elements of communication,' given the factual context of the conduct.  In cases where the expressiveness of the conduct is in doubt, the burden is on the putative speaker to demonstrate that the conduct was expressive."  *Id.* (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 158 (3d Cir. 2002)).

Plaintiff has failed to satisfy his burden of demonstrating that engaging in medically assisted suicide is "expressive conduct", as defined by our Third Circuit and United States Supreme Court.  As is alleged within the operative Complaint, Plaintiff wants to engage in medically assisted suicide in order to "end his life in his home".  (ECF No. 1, ¶ 14.)  Plaintiff's fails to allege or establish how his participation in medically assisted suicide is "imputed with elements of communication" toward others.  *Tenafly*, 309 F.3d at 158.  Reading the allegations included in Plaintiff's Complaint, it seems Plaintiff is not primarily aggrieved with the fact that he is unable to communicate to others that he supports one's participation in medically assisted suicide.  Rather, Plaintiff is aggrieved because he, himself, wants to engage in medically assisted

suicide, but cannot.  Plaintiff's concerns are not within the purview of the First Amendment, and Plaintiff has failed to show otherwise.

Lastly, the Thirteenth Amendment of the United States Constitution prohibits "slavery and involuntary servitude".  U.S. Const. amend. XIII.  Plaintiff alleges he is a "slave to the government" because he is unable to engage in medically assisted suicide in Pennsylvania.  (ECF No. 1, ¶ 14.)  Within the context of the Thirteenth Amendment, the term involuntary servitude

> means a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal practice. This definition encompasses those cases in which the defendant holds the victim in servitude by placing the victim in fear of such physical restraint or injury or legal coercion.

*United States v. Kozminski*, 487 U.S. 931, 952 (1988).  "Several courts have concluded that there is no direct, independent cause of action under the Thirteenth Amendment.  This court has noted that if a Thirteenth Amendment claim is permitted to go forward, the plaintiff must allege 'the essential ingredient of involuntary servitude, which is the inability to avoid continued service.' " *Dolla v. Unicast Co.*, 930 F.Supp. 202, 206 (E.D. Pa. 1996) (internal citations omitted).

Plaintiff's alleged Thirteenth Amendment violation is entirely misplaced.  Plaintiff's allegations do not establish he is required to labor, and cannot avoid continuing labor for a particular individual.  Plainly, Plaintiff cannot reasonably maintain that the failure to allow medically assisted suicide constitutes a violation of the Thirteenth Amendment.

For the reasons stated above, Plaintiff is unable to demonstrate a constitutional violation in order to state a viable cause of action under Section 1983.  Accordingly, Plaintiff's Complaint against Commonwealth Defendants must be dismissed, with prejudice.

//

//

2.    <u>Plaintiff is Unable to State a Cognizable Claim against Commonwealth Defendants under Section 1981</u>

Similar to Plaintiff's cause of action under Section 1983, Plaintiff has failed to state a cognizable cause of action under Section 1981.  Section 1981 provides, as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.  While Section 1981 guarantees extensive rights, the statute does not create a private right of action against state actors.  *Jett v Dallas Independent School Dist*., 491 U.S. 701, 731 (1989).  Rather, "the express cause of action for damages created by §1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in §1981 by state governmental units."  *McGovern v. City of Philadelphia*, 554 F.3d 114, 116–117 (3d Cir. 2009).  Due to the fact Plaintiff is unable to establish a viable cause of action under Section 1983 against Commonwealth Defendants, Plaintiff as a result has no remedy available pursuant to Section 1981.  *Collins v State of PA*, 2013 WL 5874770, *6 (Cmwlth. Ct. 2013) (applying federal law) (holding that because plaintiff students could not state a claim against the Commonwealth under §1983, they had no remedy available for alleged violation under §1981).  Accordingly, Plaintiff has failed to a state a cause of action under Section 1981, and for this reason, such a cause should be dismissed against Commonwealth Defendants.

//

//

//

//

## VI.      CONCLUSION

Based on the foregoing, Commonwealth Defendants respectfully request that this Honorable Court grant the present Motion to Dismiss, and dismiss Plaintiff's Complaint, with prejudice.

Respectfully submitted,

Dated:  July 19, 2024

MICHELLE A. HENRY
Attorney General


By:   */s/ Sarin V. Keosian-Frounjian*

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, Pennsylvania 19103
Phone: (215) 560-2128
skeosianfrounjian@attorneygeneral.gov

SARIN V. KEOSIAN-FROUNJIAN
Deputy Attorney General
Attorney I.D. 329591

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants Shapiro, Henry and Bogen*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| Plaintiff, | : | |
| | : | No.  2:24-CV-02279 |
| v. | : | |
| | : | Judge Surrick |
| JOSHUA DAVID SHAPIRO, MICHELLE | : | |
| HENRY, DEBORAH L. BOGEN, LARRY | : | Electronically Filed Document |
| KRASHNER AND MERRICK BRIAN | : | |
| GARLAND, | : | *Complaint Filed 06/03/24* |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Sarin V. Keosian-Frounjian, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on, July 19, 2024, I caused to be served a true and correct copy of the foregoing document titled, "Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint", to the following:

**VIA U.S. MAIL**

**Gordon Roy Parker
315 South Broad Street, #0106
Philadelphia, PA  19107**
*Pro Se Plaintiff*

**VIA ECF**

**Daniel P. Margolskee, Esquire
Philadelphia District Attorney's Office
3 South Penn Square
Philadelphia, PA  19107**
*Counsel for Defendant Krasner*

 */s/ Sarin V. Keosian-Frounjian*
**SARIN V. KEOSIAN-FROUNJIAN
Deputy Attorney General**