IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>               Plaintiff<br>v.<br><br>Joshua David Shapiro, in his official capacity as Governor of Pennsylvania, et al.<br><br>               Defendants | Case No: 2:24-cv-02279-RBS<br><br>REC'D JUL 2 2 2024 |

**PLAINTIFF'S RESPONSE TO COMMONWEALTH
DEFENDANTS' MOTION TO DISMISS**

Plaintiff Gordon Roy Parker, in the above-styled action, submits this response to the Commonwealth Defendants' Motion To Dismiss.

For the reasons set forth in the attached Memorandum of Law, the instant motion should be **denied**.

This the 22nd day of July, 2024.

_____
**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>Plaintiff<br>v.<br><br>Joshua David Shapiro, in his official capacity as Governor of Pennsylvania, et al.<br><br>Defendants | **Case No: 2:24-cv-02279-RBS** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO COMMONWEALTH DEFENDANTS MOTION TO DISMISS

Plaintiff submits this memorandum of law in support of his response to the instant motion.

## I. INTRODUCTION

The Commonwealth Defendants, who hold identical positions to similar defendants in lawsuits in other states, and who did *not* claim immunity, are doing so here. Plaintiff asks one simple question: if they are immune, *exactly who should he sue?* The *guessing game* Defendants are inviting this Court to play could easily run out the clock on Plaintiff's life without his ever having due process, and without addressing the strong underlying constitutional arguments.

The instant motion to dismiss this case is largely based on misplaced assertions of immunity or lack of standing, with only minor attention devoted to the arguments in support of Plaintiff's claims, which should survive the instant motion.

While precedent clearly allows for suits seeking injunctive or declaratory relief against Defendants, Plaintiff also calls attention to Gavatos v. Murphy, D-NJ 23-cv-12601, where identical officials were

sued in their official capacity and did not raise similar arguments, nor were they raised in <u>Bluestein v. Vermont</u>, D.Vt. 22-cv-00160, which was settled under terms which made MAID accessible to nonresidents.

## II. PROCEDURAL BACKGROUND

On page four of their Memo, Defendants' summarize the procedural history of this case.

## III. FACTUAL BACKGROUND

On page five of the Memo, Defendants' summarize the contents of the Complaint, which is rooted in Plaintiff's rights under the Thirteenth Amendment to be free of involuntary servitude, the Fourteenth Amendment for a lack of Due Process or Equal Protection, and his First Amendment rights to freedom of expression.

## IV. STANDARD OF REVIEW

In <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the Court held that pro se pleadings are to be held to less stringent standards than those drafted by attorneys. This leniency is critical to ensure that individuals who lack formal legal training are not unduly prejudiced by technicalities that may obscure the merits of their claims.

Liberal construction requires the Court to interpret the Plaintiff's pleadings in a manner that seeks to understand and address the substantive issues raised, even if the form or articulation of the claims is imperfect. This principle allows the Court to consider the essential elements and underlying facts of the Plaintiff's case, rather than focusing on procedural deficiencies. For instance, factual allegations in pro se complaints should be treated as true and construed in the light most favorable to the Plaintiff, as stated in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

Moreover, ***the Third Circuit has consistently reinforced the need for such leniency***, recognizing that pro se litigants, by virtue of their lack of legal training, may not comply with the

2

technical rules of pleading and procedure. In Higgs v. Atty. Gen., 655 F.3d 333 (3d Cir. 2011), the Court emphasized that pro se filings must be construed liberally to avoid denying access to justice based on procedural missteps.

### A. Federal Rule 12(b)(6) and Federal Rule 12(b)(1)

On pp. 6-7 of their Memo, Defendants lay out the standard for motions to dismiss under Rule 12(b)(6) for failure to state a claim, and Rule 12(b)(1) for lack of subject matter jurisdiction, related to their claims of Eleventh-Amendment immunity. When a defect can be cured by Amendment, leave to amend should be freely granted.

## V. ARGUMENT

The Commonwealth Defendants base their motion to dismiss on immunity from suit under the Eleventh Amendment, and because Plaintiff has failed to state a claim, due to their being no constitutional right to MAID.

### A. Commonweath Defendants Are Not Immune From Suit Under 42 USC 1983

On page 11 of their Memo, Defendants claim that the exceptions to this immunity in cases where damages are not sought do not apply. It claims that *Ex Parte* Young, 209 U.S. 123 (1908) does not apply because this is not an "ongoing" violation of federal law, and that the Defendants are not "connected with the enforcement of the act," which is clearly not the case. The governor signed the law, the prosecutors enforce the law, and the health commissioner interprets the law when setting regulations.

The continuing violation of federal law (via violation of Plaintiff's constitutional rights under the Thirteenth and Fourteenth Amendments) is also clear, as it is perpetually in force, requiring Plaintiff to continue to live against his will, and by unconstitutionally denying his access to MAID, which he cannot achieve in Vermont due to the logistical obstacles of seeking housing or having to

3

relocate to a strange state. Remedying that Fourteenth Amendment violation demands that laws restricting MAID or suicide in Pennylvania be struck down.

**B.     The Complaint States A Valid Claim For Relief**

Defendants are claiming (Memo, p. 14) that Plaintiff has no valid claim for relief.

1. **Defendants Are "Persons" Under 42 USC §1983.**

   a.      The case they cite, Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989), involves immunity for a state or municipality, not a government official in their official capacity, and the §1983 action against these officials ***is not considered an action against the state itself***. (id).

   b.      Defendants are "personally involved" in an ongoing violations of Plaintiff's rights under the Thirteenth and Fourteenth Amendments, via their direct control and discretion relating to the creation or enforcement of the challenged laws – the former his right to be free from slavery, and the latter for Due Process and Equal Protection violations of the Fourteenth Amendment.

   c.      **Plaintiff's Constitutional Rights Were Violated.**

   Plaintiff's Due Process claim under the Fourteenth Amendment is rooted in the equal protection violation created by various states' making MAID theoretically available to nonresidents, with practical obstacles so daunting that they make equal access impossible. Pennsylvania law also inhibits this access, as medical professionals in the Commonwealth cannot assist Plaintiff the way providers can in other states where MAID is legal.

   Defendants, in their Memo (p. 19) claim that:

   > Plaintiff's allegations do not establish he is required to labor, and cannot avoid continuing labor for a particular individual. Plainly, Plaintiff cannot reasonably maintain that the failure to allow medically assisted suicide constitutes a violation of the Thirteenth Amendment

   Defendants would have this Court believe that being forced to live against one's will is not indentured servitude, and that no labor is required, yet Plaintiff performs constant ***work*** in

4

maintaining his health, while in increasing pain, from multiple terminal conditions (he was diagnosed with lung cancer this week).  While not *employment* in the traditional sense, Plaintiff is living not for himself, but for the government, which is treating him like its own property without regard to his wishes.

There is no possible compelling government interest in keeping Plaintiff alive that does not treat him as government property.

2. **Plaintiff's §1981 Claims Are Valid.**

Defendants argue (Memo, p.20) that Plaintiff has no claim under §1981 because he has no claim under §1983.  As Plaintiff has argued above, he has both standing and a valid claim under §1983, making the §1981 claim valid.

## IV.  CONCLUSION

For the reasons set forth hereinabove, the instant motion should be **denied.**  An appropriate form of order is attached.

This the 22nd day of July, 2024.

_____
**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>                         Plaintiff<br>v.<br><br>Joshua David Shapiro, in his official capacity as Governor of Pennsylvania, et al.<br><br>                        Defendants | **Case No: 2:24-cv-02279-RBS** |

### ORDER

**AND NOW,** this ___th day of July, 2024, in consideration of The Commonwealth Defendants' Motion To Dismiss, and all replies and responses, the motion is **denied.**

 

_____
**J.**

# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>       Plaintiff<br>v.<br><br>Joshua David Shapiro, in his official capacity as Governor of Pennsylvania, et al.<br><br>       Defendants | **Case No: 2:24-cv-02279-RBS** |

## CERTIFICATE OF SERVICE

  I, Gordon Roy Parker, **Plaintiff** in the above-styled action, attest and certify that I have caused to be served, on this date, by regular mail, a copy of Plaintiff's Response To Comonwealth Defendants' Motion To Dismiss, on the following Defendants:

Joshua David Shapiro
Governor of Pennsylvania
Office of General Council
333 Market Street, 17th Floor
Harrisburg, PA 17101

Debra L. Bogen
Acting Secretary of Health
for the Commonwealth of Pennsylvania
Office of General Council
333 Market Street, 17th Floor
Harrisburg, PA 17101

Laurence Samuel Krasner
District Attorney of Philadelphia
Three South Penn Square
Philadelphia, PA 19107

Merrick Brian Garland
Attorney General of The United States
US Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

2

Michelle A. Henry
Attorney General of Pennsylvania
393 Market Street
Harrisburg, PA 17101

Xavier Bercerra
United States Secretary for
Health and Human Services
200 Independence Avenue S.W.
Washington, DC 20201

This the 22nd day of July, 2024.

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

3